## COUNTY OF HAMILTON
### v.
## JOHN J. BUCK.

1. COUNTY OFFICERS—FEES—POWER OF COUNTY BOARD TO FIX.—The county board may fix the compensation of county officers at one sum, and the expenses for necessary clerk hire, etc., at another sum. In such cases the amount allowed for clerk hire may be increased or decreased as necessity requires. But where the board fixes the compensation of an officer at a certain sum, which is to include all expense for clerk hire, etc., the sum so fixed is the limit for the expenses of the office and he may not claim the whole sum as compensation, and insist upon payment of clerk hire and expenses in addition thereto.

2. PAYMENT MUST BE MADE FROM FEES EARNED BY THE OFFICE.— The compensation allowed by the county board, whether it includes the expenses of the officer or not, must in no case exceed the fees actually earned and collected; and the county board are powerless to make up any deficiency out of any other funds.

APPEAL from the Circuit Court of Hamilton county; the Hon. WM. C. JONES, Judge, presiding. Opinion filed April 7, 1881.

Mr. WILLIAM HAMILL and Mr. JOHN C. EDWARDS, for appellant; against the allowance claimed by appellee, cited Constitution, Art. X, 310; Kilgore v. The People, 76 Ill. 548; Cumberland County v. Edwards, 76 Ill. 544; Purcell v. Parks, 82 Ill. 346; Wheelock v. The People, 84 Ill. 551; Dillon on Municipal Corporations, 206; Decatur v. Vermillion, 77 Ill. 315; Cullom v. Dolloff, 94 Ill. 330.

Mr. T. B. STEELE and Messrs. HALL & HOGAN, for appellee; upon the rule of construction of constitutional enactments, cited City of Beardstown v. City of Virginia, 76 Ill. 34; Frye v. C. B. & Q. R. R. Co. 73 Ill. 399.

The order of the county board was unconstitutional and void. The board had power to fix the salary only: Briscoe v. Clark County, 95 Ill. 309.

CASEY, J.  Appellee brought suit against appellant in the Circuit Court of Hamilton county, for work and labor done, etc The cause was heard at the September term of said court, A. D. 1880, and judgment for appellee for the sum of $2,132.38 and costs.  The case is brought to this court by appeal.  There is no dispute about the facts.  They are, in brief, that appellee was elected clerk of the County Court of Hamilton county, at the November election in 1873, entered upon the duties of his office on the first Monday in December, A. D. 1873, and continued to hold said office for the period of four years.  That appellee was again elected clerk of the County Court of Hamilton county at the November election, A. D. 1877, and entered upon the duties of his office for the second term, on the first Monday in December, A. D. 1877.  And that to the beginning of this suit, two years and six months of his second term of office had expired.  It is also agreed that the County Court of Hamilton county on the 14th day of July, A. D. 1873, made and entered of record the following order, to wit: "And now on consideration, this court is of the opinion that it is their duty to fix and establish the fees and salaries of all county officers in this county, to be elected at the next November election, and it is therefore hereby ordered that the full pay and salary of all officers elected at said election, whose term of office begin and commence on the first Monday in December, 1873, shall be as follows:  The full pay and salary of the county judge shall be five hundred dollars per annum. The full pay and salary of the county clerk, including all of his deputy and clerk hire, shall be fifteen hundred dollars per annum."  The agreement further shows the fees earned and received by appellee, and his compensation and clerk hire for six years and six months to be as follows, to wit:

Hamilton County v. Buck.

| | |
|---|---:|
| Amount of fees earned........................ | $17,075.26 |
| Amount of fees collected...................... | 12,545.80 |
| Amount of compensation, etc., allowed by county board....................................... | 9,750.00 |
| Amount claimed by appellee as necessary clerk hire | 46,304.22 |
| Amount paid by appellant to county treasurer..... | 298.48 |
| | $14,678.90 |
| Balance claimed by clerk...................... | $ 2,133.10 |

It was further agreed that on the 10th day of Sept., 1877, the county board of Hamilton county made and entered of record the following order, to wit: " In the matter of salary of county officers to be elected this fall, ordered by the board, that the full pay and salary of the county clerk shall be the sum of $1,500 per annum, said amount to include all of his deputy and clerk hire." Appellee insists that he is entitled to hold the said sum of fifteen hundred dollars provided for at the meetings of the county board in July, 1873, and in September, 1877, as the compensation for his personal service. And that the county authorities are required to pay him the amount he necessarily expended for clerk hire in addition to the sum of $1,500 per annum. The errors assigned are, 1st, The court erred in rendering judgment for the plaintiff. 2nd. The judgment of the court is contrary to the law and evidence.

Two questions arise in this case. First, Did the county board have the power to say that the compensation and necessary clerk hire of the county clerk should be $1,500 per annum, or may the officer regard the sum so allowed as compensation for his personal services and compel the county to pay him in addition to that amount, such sum as he actually expended for necessary clerk hire? The constitutional provision is that the compensation of the officer cannot be increased or diminished during the term of office. With this provision of the Constitution, and its construction by the Supreme Court, lawyers are familiar. There is no such unchangeability applicable to clerk hire, etc.

In view of the cases already passed on by the Supreme Court we may assume that the necessary clerk hire is dependent up-

on the needs and emergencies of the office, and is subject to be increased or diminished during the term of office, when it will not effect the compensation of the officer; that, ordinarily, it is not subject to any arbitrary rule. If the county board has fixed the clerk hire of the officer at a larger sum than is necessary, the officer does not thereby become entitled to it. He is entitled only to such sum as actually and from necessity was paid for clerk hire. In the case before us the county board declared the compensation of the county clerk, including all his clerk hire should not exceed $1,500 per annum. As we have seen the compensation is as fixed and unchangeable as the the famous laws of the Medes and Persians. If the officer is allowed to take the whole sum of $1,500 per annum as his compensation, and require in addition thereto that he be paid necessary clerk hire, are we not thereby changing his compensation? Are we not doing indirectly what it is admitted cannot be done directly? The county board is not required to fix the compensation of the officer at one sum and the necessary clerk hire of the office at a distinct sum. Kilgore v. The People, etc., 76 Ill. 548. In that case the county board of Ford county fixed the compensation of the county treasurer at $700 per annum, " Provided, that the said treasurer furnished his own fuel, stationery and clerk hire." The Supreme Court say, " The county board, acting under this mandate of the Constitution, fixed the compensation of appellant at seven hundred dollars per annum, to include stationery and clerk hire, and although no definite sum is specified, for the one or the other, his entire compensation was fixed—it was limited to seven hundred dollars per annum." And in that case the court required the officer to pay all fees collected by him in excess of $700 to the county treasurer. But, as stated in the case before us, appellee claims that he may consider the $1,500 allowed by appellant as compensation only. Why may he do so? The county board had ordered that the " full pay and salary of the county clerk, including all of his deputy and clerk hire, shall be fifteen hundred dollars per annum."

It is clear that the county board intended to limit the expenses of the office to that sum, and in the Kilgore's case, exact-

ly parallel with the one before us, the Supreme Court required the officer to pay to the county treasurer all fees received in excess of the aggregate sum allowed by the county board for the compensation and expenses of the office. The county board have the power to fix the compensation at one sum and the necessary clerk hire at a distinct amount, and in such case it is admitted that the sum fixed by the board as necessary clerk hire might be altered and changed during the term of office as the necessities or emergencies of the office required. It might be increased or diminished. In either event it would not affect the compensation. In no event could any more be allowed than the necessary expenses actually required by the clerk to enable him to properly fulfill the duties of his office. Cullom, Gov. v. Dolloff, 84 Ill. 330 ; Wheelock v. the People, 84 Ill. 557 ; Briscoe v. Clark Co. 95 Ill. 309.

Now, to allow appellee an additional sum as clerk hire would be indirectly to increase his compensation. That could not be done directly and as a matter of course it could not be done by indirection. If the county board had provided one sum for compensation and a distinct sum for expenses, then the latter might be increased or diminished without affecting the amount allowed as compensation, provided the reduction or increase was required by the necessities of the office. The second question that arises in this case is : can the allowances whether it be regarded as compensation or clerk hire be paid out of any sum other than the fees actually earned and collected by the officer. It will be remembered that the whole amount of fees earned and collected by appellee in six years and six months amounts to $12,545.80.

Deducting amount of compensation allowed by county board for the same time, six years and six months,    $9,750.00
leaves .    .    .    .    .    .    .    .    $2,795.80
Whole amount of clerk hire for six years and six
    months, as claimed by appellee,    .    .     4,630.62

                             $1,834.62

Showing that the claim of appellee, and for which he received a judgment against the county, is $1,834.62 in excess of the

Hamilton County v. Buck.

amount of fees earned and collected by him during the six years and six months, after deducting the compensation allowed by the county board. "Section 10, Art. X, of the Constitution, provides, the county board, except as provided in section nine of this article, shall fix the compensation of all county officers, with the amount of their necessary clerk hire, stationery, fuel, and other expenses, and in all cases, where fees are provided for, said compensation shall be paid only out of, and shall in no instance exceed, the fees actually collected."

Section nine of Art. X refers alone to Cook county.

Section 51 of chapter 53, page 623, Underwood's Revision of 1878, provides in substance, that if there shall appear to be a balance of salary due to such officer at the time of making his final report, and such officer shall have previously paid into the county treasury any fees collected by him, the board shall make an order on the county treasurer in favor of such officer for the balance so found due him: *Provided*, that the amount of such order shall in no case exceed the amount of fees previously paid into the treasury by such officer. And if when the officer makes his last report, as above stated, there appears to be a balance of compensation due and unpaid to him, and the amount of fees collected by him during his term of office is not sufficient to pay such balance, it may be paid out of fees earned by him when afterwards collected by his successor in office. But in case the amount is not collected, the county board is powerless to pay such balance: it can only be paid out of fees earned during the term of office, and not out of any other fund. This is the clear meaning of the constitutional provision, and of the statute enacted under it. In the case of Jennings v. Fayette County, opinion filed at Mt. Vernon, February 3, 1881, which was an appeal from this court, the Supreme Court pass on this identical question. Jennings was the sheriff of Fayette county. The amount of fees collected by him during his term of office was not equal to the compensation necessary for deputy hire, etc., allowed him by the county board. He brought suit against the county to recover the balance. The learned judge, in passing upon the question,

in substance says: In either event (referring to the fact as to whether it was in payment of compensation or necessary deputy hire) the allowances can only be paid out of fees earned during the term of office. The incumbent takes the office *cum onere*. The constitutional inhibition is absolute. The compensation allowed by the board, whether it includes expenses of the office or not, shall in no case exceed the fees actually earned and collected, and the county board had no power, if willing to do so, to make up any deficiency out of any other fund. For the foregoing reasons the judgment of the circuit court is reversed, and the cause remanded.

Reversed and remanded.