THE PEOPLE, for use of Logan County,

*v.*

WILLIAM TOOMEY *et al.*

*Filed at Springfield September 27, 1887.*

1. COUNTY CLERK—*compensation.* Where the salary and clerk hire of a county clerk have been fixed by the county board, his office being one in which fees are provided for, his compensation can only be paid out of the fees actually collected, and can not exceed them. He can only receive the amount so fixed in case the fees of his office equal that sum each year, and if such fees exceed that amount, he is bound to pay the excess into the county treasury.

2. A county clerk, after receiving from fees earned and collected the full amount of his salary, clerk hire and other expenses, is not entitled to an allowance by the county board of the fees due him from the county for work done for the county. It would be an idle ceremony to pay him out of the treasury and then order him to pay the same back.

3. OFFICIAL BOND—*liability of surety.* A surety is not to be held beyond the precise terms of his contract. His liability is *strictissimi juris*, and can not be extended by construction.

4. Where the term of an officer is for a definite or fixed period, the surety on his bond is only liable for his faithful performance of his duties during that period. If the bond is silent as to the length of the term, but the statute under which the bond is given fixes the term, the statute, in that regard, will be taken as a part of the contract.

5. SAME—*liability on county clerk's bond.* The condition of a county clerk's bond was, that he should "perform all the duties which are or may be required by law to be performed by him as county clerk of the said county of L., in the time or manner prescribed by law or to be prescribed by law." After the expiration of his term of office the clerk made a report to the county board, showing in his hands, of fees collected, the sum of $414 over and above his compensation as fixed by the board, and his clerk hire and other expenses of the office, which amount he paid into the county treasury. At the same time he presented a bill for services rendered to the county in his capacity as clerk, which the board allowed, and on the order issued therefor he drew a considerable sum, to which he was not entitled. Failing to pay this sum back into the county treasury, suit was brought on his official bond: *Held,* that his sureties were not liable for his failure to pay such sum of money.

APPEAL from the Appellate Court for the Third District;—
heard in that court on appeal from the Circuit Court of Logan
county; the Hon. GEORGE W. HERDMAN, Judge, presiding.

Mr. ROBERT HUMPHREYS, State's Attorney, and Mr. OSCAR
ALLEN, for the appellant:

A county officer in this State must account with the super-
visors after he goes out of office, and can not fully account
before, and he, of course, must account fully.

Sureties are liable for the due performance of an officer's
duties, even such as it may be incumbent on him to perform
after the expiration of his term of office. Murfree on Official
Bonds, p. 424, sec. 631.

A sheriff received redemption money after his term expired,
and his sureties were held liable. *Elkin* v. *People,* 3 Scam.
207.

A county clerk fraudulently countersigned and filled up a
warrant that had been signed in blank, and drew the money,
and it was held that his sureties were liable. *People* v. *Tread-
way,* 17 Mich. 480.

A county treasurer did not cancel paid orders. They were
afterward stolen and came into innocent hands, and a loss
ensued. His sureties were held liable, not because the loss
occurred during his term, but because the loss was the result
of misconduct during his term. *Johnson County* v. *Hughes,*
12 Iowa, 360.

A sheriff refused to turn over property after his term had
expired, and his sureties were held liable. *Baker* v. *Baldwin,*
18 Conn. 131.

A deputy collector, continuing to hold during successive
terms, gave but one bond. His sureties were held liable for
deficiency in the last term, because it was the evident *inten-
tion.* *Delacour* v. *Caulfield,* 1 Irish Com. Law, 669.

The sureties of a circuit clerk were held liable for money
received by him after his term expired, under order of court

previously made. *State* v. *Bird*, 6 Jones' Law, (N. C.) 62. Of similar effect are *Tyree* v. *Wilson*, 9 Gratt. 39; *State* v. *Muir*, 20 Mo. 303.

In the earliest and leading case upon similar subjects, (that of *Lord Arlington* v. *Merrick*, 3 Saund. 403,) the whole case seems to be made to rest upon evident intention,—that there was no misconduct during the time which the bond was evidently intended to cover.

Can it be doubted that in this case Toomey himself is liable for the amount sued for, and upon his *bond?* If the principal is liable on the *bond*, then his sureties are also liable. *Seaver* v. *Young*, 16 Vt. 662.

Messrs. BLINN & HOBLITT, and Messrs. BEACH & HODNETT, for the appellees:

The liability of sureties is *strictissimi juris*, and can not be extended by construction or enlarged by the acts of others. *People* v. *Pennock*, 60 N. Y. 426; *McClusky* v. *Cromwell*, 1 Kern. 593; *Supervisors* v. *Bates*, 17 N. Y. 242; *Loan Association* v. *Nugent*, 11 Vroom, 215.

The violation of the condition of the bond must have been during the term of the office. *People* v. *Pennock, supra; Mayor of Rahway* v. *Crowell*, 11 Vroom, 207; *Insurance Co.* v. *Clark*, 33 Barb. 196; *Gilbert* v. *Luce*, 11 id. 91.

The surety can only be held liable for official acts done or omitted. *Gerber* v. *Ackley*, 37 Wis. 44; *State* v. *Mann*, 21 id. 695.

The surety's liability can not be extended so as to embrace acts done after the term of office has expired. *Society* v. *Johnson*, 1 McCord, 41; *Wright* v. *Russell*, 3 Wils. 530; *Baker* v. *Parker*, 1 T. R. 287; *Shange* v. *Lee*, 3 East, 434; *Water Works* v. *Harpley*, 6 id. 507; *Commissioners of Public Accounts* v. *Greenwood*, 1 Eq. 450; *Montgomery* v. *Hughes*, 65 Ala. 201; *Loan Association* v. *Nugent*, 40 N. J. L. 207; *Offutt* v. *Commonwealth*, 10 Bush, 212; *Florence* v. *Richardson*, 2 La. Ann.

663; *Governor* v. *Coble,* 2 Dev. Law. 489; *Holloman* v. *Langden,* 7 Jones' L. 49; *Overacre* v. *Garrett,* 5 Lans. 156; *Bryan* v. *United States,* 1 Black, 635; *McLain* v. *People,* 85 Ill. 209; *Phillips* v. *Singer Manf. Co.* 88 id. 305; *McIntyre* v. *Trustees of Schools,* 3 Bradw. 77.

A surety on an official bond is not liable for losses caused by the misconduct of the obligee. Murfree on Official Bonds, secs. 755, 788; *O'Donohue* v. *Simmons,* 31 Hun, 267; Brandt on Suretyship, 457; *Pickering* v. *Day,* 3 Houston, 474; *Connell* v. *Crawford,* 59 Pa. St. 196.

Mr. JUSTICE MAGRUDER delivered the opinion of the Court:

This is an action of debt, brought by the People, for the use of Logan county, against William Toomey and his sureties, upon the official bond of William Toomey as county clerk of Logan county from December, 1881, to December, 1882. The following is the condition of the bond:

"The condition of the above bond is such, that if the above bounden William Toomey shall perform all the duties which are or may be required by law to be performed by him as county clerk of the said county of Logan, in the time or manner prescribed by law, or to be prescribed by law, and when he shall be succeeded in office, he shall surrender and deliver to his successor in office all books, papers, moneys and other things belonging to said county, and appertaining to his said office, then the above bond to be void, otherwise to remain in full force."

By stipulation between the parties, the only question to be determined is the liability of the sureties for the payment of the item of $2133.78, hereafter referred to.

C. M. Knapp was elected as the successor of Toomey in the office of county clerk of Logan county, for the term beginning in December, 1882. Knapp's official bond is dated November 13, 1882, and was approved by the county judge on No-

vember 16, 1882. He took the oath of office as county clerk on November 13, 1882. The commission issued to him by the Governor bears date December 1, 1882, and authorizes him to perform the duties of the office "on and after December 4, 1882." The board of supervisors of Logan county met on Monday, December 4, 1882, at one or two o'clock in the afternoon, and Knapp assumed his duties as county clerk at that time. W. O. Jones then appeared before the board as deputy clerk, appointed by Knapp. Jones says in his testimony: "I was appointed deputy under Mr. Knapp the first thing in the morning when Mr. Knapp took possession, December 4, 1882. I think the board met at two o'clock of that day, with Mr. Knapp as clerk."

The circumstances here recited, and other evidence in the record, show clearly that Toomey's term of office had ended by one or two o'clock in the afternoon of Monday, December 4, 1882, and at and from that time Knapp became and was county clerk of the county, duly qualified, and installed in office.

Under section 10, of article 10, of the constitution, and the statute passed in pursuance thereof, the board of supervisors of Logan county had, in 1877, fixed the salary of the county clerk for the ensuing year, etc., at $1600 per annum, and clerk hire at $1200 per annum. It is admitted that Toomey was only entitled to $2800 for salary and clerk hire for the last year he was in office, from December, 1881, to December, 1882. As his office was one "where fees are provided for," (Const. art 10, sec. 10,) his compensation could only be paid out of the fees actually collected, and could not exceed them. He could only receive the $2800 in case the fees of his office equalled that amount each year, and if such fees exceeded that amount, he was bound to pay the excess into the county treasury.

The statute, (Hurd's Rev. Stat. 1885, chap. 53, sec. 51, p. 631,) requires of every county officer who is paid by fees, that,

in a book to be kept for that purpose, he shall keep a full, true and minute account of all the fees and emoluments of his office, designating in corresponding columns the amount of all fees and emoluments earned, and all payments received on account thereof, and showing the name of each person or persons paying fees, and the amount received from each person, and shall also keep an account of all expenditures made by him on account of clerk hire, stationery, fuel and other expenses; that he shall, on the first days of each June and December, make to the chairman of the board of supervisors, etc., a return, in writing, of all the fees and emoluments of his office, of every name and character, which said report shall show the gross amount of the earnings of said office, the total amount of receipts, of whatever name or character, and all necessary expenses for clerk hire, stationery, fuel and other expenses, for the half year ending at the time of such report, etc., together with the amount of his salary, etc.; such reports shall designate the service for which such amounts have been charged or received, in such manner that the same may be identified with the account thereof upon the books of such officer, and shall show, fully, the amount earned and the amount received. It is made the duty of the county board to carefully audit and examine every such report, and if, after deducting from the gross amount shown to have been collected the amount allowed for salary and expenses, there is a balance of such fees in the hands of the officer, the board shall order him to pay such balance to the county treasurer. These reports are required to be verified by the affidavit of the officer making them.

A report was made by Toomey of his receipts and disbursements for the six months from June to December, 1882, and was submitted to the board of supervisors on December 4, 1882, and referred to the committee on finance. This report is not in the record. It was lost. The proof shows, however, that it was an exact copy of the cash book. It showed all

fees collected and disbursements made during the last six months of the term, and that there was in Toomey's hands, after giving him credit for his salary and expenses, a surplus of fees amounting to $414.23. On December 6, 1882, the board of supervisors adopted the report of the finance committee, finding Toomey's report to be correct, and then made an order directing him to pay the $414.23 to the county treasurer, which he did December 11, 1882.

While the report so made by him showed the fees collected, it did not show, as it should have done, the fees earned and not collected. (*Daggett* v. *Ford County*, 99 Ill. 334.) On December 2, 1882, Toomey made out an itemized bill against Logan county for fees due him from the county, for extending taxes, making statements for the auditor and treasurer, issuing county orders, recording proceedings of board, per diem in county court, etc., amounting in the aggregate to $2133.78. To this he attached a certificate, under his hand and the seal of his office, certifying "that the above bill, by me this day rendered, is just and correct, and remains due." No affidavit was attached. The total of the bill represented fees earned and not collected. No part of the sum of $2133.78 appeared in the report. This bill or statement of the items of the sum of $2133.78 was presented to the board on Monday afternoon, by Knapp, Toomey's successor, at the same time when the report showing a balance due of $414.23 was presented. It was referred on December 4, 1882, to the committee on claims. This committee examined it, and reported to the board that the amount of it should be paid to William Toomey. Thereupon, the board of supervisors, on or about December 6, 1882, made an order directing the county clerk, C. M. Knapp, to draw an order on the county treasurer for the sum of $2133.78, payable to William Toomey, which he did. On December 9, 1882, Knapp delivered this order to Toomey, who presented it to the county treasurer, obtained the money, and has never repaid it.

We do not think that the sureties on Toomey's bond are liable for the payment of the $2133.78.

The money came into the hands of Toomey after his term of office had expired, and after his successor had become qualified, and had taken possession of the office and assumed the performance of its duties. A surety is not to be held beyond the precise terms of his contract. His liability is *strictissimi juris*, and can not be extended by construction. Where the term of the officer is for a definite or fixed period, the surety is only liable for his faithful performance of his duties during that period. This is clearly so where the bond itself specifies the period. If the bond is silent as to the length of the term, but the statute under which the bond is given fixes the term, the statute, in that regard, will be regarded as a part of the contract. In this case the sureties contracted that Toomey should "perform all the duties which are or may be required by law to be performed by him. as county clerk of the said county of Logan, in the time or manner prescribed by law, or to be prescribed by law." They did not contract for his discharge of obligations which he might assume, or duties which might be imposed upon him, after he became a private individual. The board of supervisors directed Knapp, the county clerk, to pay to Toomey, who was no longer county clerk, the sum of $2133.78, to which he was not entitled when he was county clerk, and to which he was still less entitled after he ceased to be county clerk. His sureties are not responsible for his failure to pay over moneys received by him under such circumstances. Murfree on Official Bonds, secs. 88, 215, 421; Brandt on Suretyship and Guarantee, secs. 139, 140; *Bryan* v. *United States*, 1 Black, 140; *United States* v. *Nicholl*, 12 Wheat. 505; *Placer County* v. *Dickerson*, 45 Cal. 12; *South Carolina Society* v. *Johnson*, 1 McCord, 41; *Lord Arlington* v. *Merrick*, 3 Saund. 403; *Mayor of Rahway* v. *Crowell*, 40 N. J. L. 207; *People* v. *Pennock*, 60 N. Y. 421; *Gilbert* v. *Luce*, 11 Barb. 91; *McCluskey* v. *Crom-*

*well*, 11 N. Y. 593; *City Council of Montgomery* v. *Hughes*, 65 Ala. 201; *Offutt* v. *Commonwealth*, 10 Bush, (Ky.) 212.

It is true that Toomey made out a statement of the fees earned by him for extending the taxes, etc., upon a separate sheet of paper, and did not make it a part of his report showing his receipts and disbursements, but the board had his report and his statement before them at the same time. Of the fees collected and earned by him for the last six months, he was only entitled to what was due him for salary and expenses. All the balance belonged to the county. His report showed that he had been once paid, and owed the county, for money actually in his hands, the sum of $414.23. He was not entitled to any part of the $2133.78, representing fees earned by him. If these fees had been due from third persons, it would have been the duty of his successor to collect them. This appears from the fourth clause of the 51st section of the Fees and Salaries act, which provides, that where there is a balance of salary due an officer at the end of his term, and the amount of fees collected by him, and in the hands of the treasurer, is insufficient to pay such balance, "it shall be paid to him out of the fees earned by him during his term of office, when afterwards collected by his successor." But the fees set out in the statement were not due from third persons; they were due from the county itself, for work done for the county. As there was no unpaid balance due to Toomey on account of salary or expenses, it would have been an idle ceremony for the board to order either Toomey or Knapp to draw the amount of these fees, which already belonged to the county, from the county treasury, and then order the same to be paid back into the county treasury. The board should simply have approved Toomey's statement of his earnings from the county, and should have allowed the matter to rest there. Instead of doing so, they not only directed Knapp to give Toomey an order on the county treasurer for the amount of these fees, but they failed to make any order directing Toomey to pay

them back into the treasury. If it was proper to order him to pay over $414.23 of fees collected and retained by him, it was improper to permit him to receive fees earned but not yet collected, especially as he was not ordered to turn them back into the treasury, where they belonged.

Although the bond in this case runs to the people, it belongs, as matter of fact, to the county of Logan. This suit is brought for the use of Logan county. Logan county is the real obligee in the bond. The obligee in the bond, through its representative, the board of supervisors, has improperly, and through a want of due care and prudence, taken a sum of money out of the county treasury which ought to have been allowed to stay there, and placed it in the hands of Toomey, who had no right to it, after the expiration of his term of office; and now that he refuses to pay it back, such obligee seeks to collect it from those who were sureties on his official bond while he was in office. To enforce its collection from them, under the circumstances, would not be right. Murfree on Official Bonds, secs. 755, 788.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*