**John R. Hamilton, James Hamilton, James F. Drisch and William B. Dunlap v. The People of the State of Illinois for the Use of Coles County.**

1. FEES—*Collection of, in Advance.*—It was not the intent of the legislature to require county officials to demand fees in advance and be liable for all fees earned, whether collected or not.

Debt, on an official bond, Appeal from the Circuit Court of Coles County; the Hon. FERDINAND BOOKWALTER, Judge, presiding. Heard in this court at the May term, 1895. Reversed and remanded. Opinion filed November 15, 1895.

F. K. DUNN and JAMES W. CRAIG, attorneys for appellants.

J. H. MARSHALL and NEAL & WILEY, attorneys for appellees.

MR. JUSTICE BOGGS DELIVERED THE OPINION OF THE COURT.

This was an action in debt on the bond of the *ex-officio* recorder of deeds of Coles county.

It was submitted to the court without a jury, upon an agreed statement of facts, from which it appeared the recorder had accounted for all fees received for recording, but had not collected all fees earned for such services.

The declaration charged that the recorder had failed to exercise ordinary diligence to collect the fees not paid, and this was the issue made by the pleading.

Nothing in the agreed statement of facts supported or tended to support the charge.

The court ruled it was the legal duty of the recorder to collect fees for recording in advance, and upon that theory rendered judgment upon the bond for the uncollected fees, less certain amounts conceded to be due the recorder from the county upon other items of accounts between them.

Counsel for appellee concede that the constitution and statutes of the State do not, in express terms, impose it upon recorders in the counties of the class (second) in which the county of Coles is placed, as a duty to collect such fees in advance, but insist there is neither constitutional nor statutory authority to extend credit, and the nature of the duties to be performed implies that payment for such services should be demanded in advance of rendering the service.

We think authority to perform the service without demanding the payment of the fees before doing so is clearly implied from all the legislation upon the subject.

Sec. 10, Art. 10, Constitution 1870, provides that county boards shall fix the compensation of all county officers whose services are paid by way of fees and that such compensation shall be paid only out of fees actually collected, and that such officials shall pay into the county treasury all fees received in excess of the compensation allowed.

The General Assembly of the State in pursuance of the constitutional provision referred to by an enactment in force July 1, 1872 (Sec. 13 to 35, inclusive, and Sec. 51 and 52, Chap. 53, Starr & Curtis' Statutes), divided the counties in

the State into three classes, fixed the fees to be charged by county officers, and provided that such officers should at stated periods report to the board of supervisors or county judge and pay into the county treasury any moneys lawfully there belonging in accordance with the constitution.

Nothing in this enactment expressly or by implication imposes the duty of collecting fees in advance. Upon the contrary, that such course was not required or expected is clearly recognized by Sec. 51 and 52 before referred to.

Sec. 51 provides such officers shall, in a book to be kept for the purpose, keep an itemized account of fees earned and of all payments received on account thereof, and shall report to the proper county authority the gross amount of the earning of the office and the total amount of the receipts, and shall designate the service for which said amounts have been charged or received, and fully show the amount earned, and the amount received, and the further provision is, the officer shall account to the county only for such fees as have been actually collected in excess of his compensation, etc.

The requirement of Sec. 52 as to such officers is they shall pay into the county treasury all fees, etc., received by them in excess of the amount of their compensation, etc.

It was clearly not the legislative intent that the county officials in question should refuse to perform an official duty except upon payment of the fee therefor.

That this was true, further unmistakably appears from subsequent enactments.

The General Assembly, by an emergency act in force March 2, 1874, provided a new scale of fees for the sheriff, recorder and county clerk in counties of the third class which is composed of Cook county alone.

The 5th section of this act (Sec. 57, Chap. 53, 1 Starr and Curtis' Stat. 1148) is as follows:

" The sheriff and recorder of deeds shall in all cases be entitled to demand the payment of fees for service in advance, so far as same can be ascertained.

Here the state of the law as to the duty and possibly the power of officers to demand fees in advance under the

statute governing the case at bar came directly into consideration by the legislature, the result being an enactment empowering the sheriff and recorder in Cook county to exact advance payments and leaving the county clerk without such authority.

Afterward, by an act in force July 1, 1879 (Sec. 60, 61 and 62, Chap. 53, Starr & Curtis' Statutes), a new scale of fees was provided for the clerk of the Probate Court in counties of third class (Cook county), and it was deemed proper or perhaps necessary to specially empower that official to demand the payment of fees in advance, which was done by Sec. 2 of the act (Sec. 6, Chap. 53, Starr & Curtis' Statutes, p. 1150).

The conclusion is inevitable that it was not the legislative intent, in enacting the law by which the case at bar is to be judged, to require county officials to demand fees in advance and to be liable to account for all fees earned, whether collected or not.

We think it was the duty of the appellant recorder to exercise reasonable diligence to secure payment for the work he was empowered to do, and that he and his sureties should be held liable if he omitted this duty, and fees earned by him in his official capacity were, by reason of his lack of legal care, lost to the county.

The judgment appealed from must be and is reversed and the cause remanded.