THE COUNTY OF CARROLL

*v.*

GEORGE DURHAM.

*Opinion filed December 20, 1905.*

1. FEES AND SALARIES—*fees of the office do not belong to the sheriff.* The fees of the sheriff's office do not belong to the sheriff, but constitute a fund out of which he has a right to deduct his salary and pay the expenses of his office, as previously determined by the county board, and the balance, if any, belongs to the county.

2. SAME—*special bailiff appointed to serve special venire need not be an officer.* The person selected by the court, under section 13 of the Jurors act, to serve a special venire when the sheriff is disqualified, may be any person, whether an officer or not; and the fact that the person selected in a particular case is a constable does not make any difference as to his power and duties nor as to his compensation.

3. SAME—*compensation for services of special bailiff in serving special venire should be fixed by the court.* A special bailiff appointed to serve a special venire is not entitled to the fees allowed by law to a sheriff for summoning jurors, but his compensation should be fixed by the court at a just and reasonable amount for the time actually employed and for necessary traveling expenses.

APPEAL from the Appellate Court for the Second District;—heard in that court on appeal from the Circuit Court of Carroll county; the Hon. RICHARD S. FARRAND, Judge, presiding.

At the trial of a certain criminal case in the circuit court of Carroll county the regular panel of jurors was exhausted by reason of challenges thereto. The court ordered a special venire to be issued for fifty jurors to fill the panel for the trial. Objection was made by the defendants to the service of this venire by the sheriff, and the appellee, George Durham, was appointed as a special bailiff by the court for this purpose. At the time of appellee's appointment he was a regularly elected, qualified and acting constable in and for

the township of Woodland, in said county. He worked two days and served fifty jurors for which he made a return, charging fifty cents for each man served and five cents per mile for five hundred and six miles traveled, making a total of $50.30. This amount the county board refused to pay and appellee brought an action of assumpsit for the same. After the commencement of the suit a tender of $22.05 was made, being two days' pay at $2.50 per day, $7.05 costs and $10 expenses. A plea of the general issue, together with a special plea of tender, were filed to appellee's declaration. A demurrer was filed to these pleas and sustained by the court. A plea of the general issue was then filed, together with notice of the tender. Upon a trial before the court and a jury judgment was rendered against appellant for $50.30, which has been affirmed by the Appellate Court, and a further appeal has been prosecuted to this court.

FRANKLIN J. STRANSKY, for appellant:

Compensation for official services rendered in behalf of the State or a public corporation must rest alone upon statutory enactment. An officer can recover for services if payment therefor be provided by the statute, otherwise not, and can have, in any event, only such amount as may be allowed by the statute. *Dougherty* v. *People,* 42 Ill. App. 494; *Moore* v. *People,* 37 id. 641; *Schnadt* v. *Davis,* 185 Ill. 476; *Roby* v. *Trust Co.* 194 id. 233; *Rickert* v. *Suddard,* 184 id. 149; *Henderson* v. *State,* 40 L. R. A. 426; *Smith* v. *McLaughlin,* 77 Ill. 596; *Foreman* v. *People,* 209 id. 569; *State* v. *Brewer,* 59 Ala. 130; *Wotham* v. *Grayson County,* 76 Ky. 53; *DeBolt* v. *Trustees,* 7 Ohio St. 237; 4 Am. & Eng. Ency. of Law, (1st ed.) 314; 1 Dillon on Mun. Corp. 311; *Coles County* v. *Messer,* 195 Ill. 546.

Costs and fees are purely matters of statutory regulation, and courts have no power to adjudge them as against any one on mere equitable grounds. The court must look to the statute as its warrant or authority. *Eimer* v. *Eimer,*

219—5

47 Ill. 373; *Poppers* v. *Meagher,* 33 Ill. App. 20; *Constant* v. *Matteson,* 22 Ill. 546.

In the absence of statutory enactment allowing compensation, a sheriff is not entitled to compensation for summoning grand jurors. *Bryner* v. *Commissioners,* 24 Ill. 195.

The law of fees and costs is strictly construed, and an officer demanding fees for services rendered must point to some clear and definite provision of the law which authorizes the demand, and compensation will not be allowed unless it is conferred by a strict construction of the statute. *Tolbert* v. *Hale County,* 30 So. Rep. 453; *State* v. *Brewer,* 59 Ala. 130; *Hempstead Co.* v. *Jones,* 62 Ark. 272; *United States* v. *Clough,* 55 Fed. Rep. 373; 23 Am. & Eng. Ency. of Law, (1st ed.) 402; 4 id. 314, 315; *Schnadt* v. *Davis,* 185 Ill. 476; *Alexander County* v. *Myers,* 64 id. 37.

The fees earned and collected by a county officer constitute the only fund out of which his compensation can be paid, and any attempt on the part of the county to appropriate other funds of the county in payment would be *ultra vires* and void. *LaSalle County* v. *Milligan,* 143 Ill. 321; *Coles County* v. *Messer,* 195 id. 540; *Fayette County* v. *Jennings,* 97 id. 419; *Bryan* v. *Supervisors,* 24 id. 195; *Irvin* v. *Alexander County,* 63 id. 528; Rev. Stat. chap. 53, secs. 51-53.

The compensation of a county officer can only be paid out of the fees actually collected. He takes the office *cum onere,* and no responsibility rests upon the county to make up a deficit after exhausting the fees collected. *Coles County* v. *Messer,* 195 Ill. 546; *Wheelock* v. *People,* 84 id. 551; *Cullom* v. *Dolloff,* 94 id. 330; *Briscoe* v. *Clark County,* 95 id. 309.

A person appointed by the court to serve a special venire for jurors is not entitled to the same compensation which the law allows the sheriff for like services. *Brantley* v. *State,* 63 Tenn. 307.

The fees provided by the statute are only allowed to the sheriff, and no other person performing the same services

as the sheriff is empowered to perform can recover such fees. *Scott County* v. *Drake,* 71 Ill. App. 280; *Seibert* v. *Logan County,* 63 id. 155; *Union County* v. *Patton,* 63 id. 458; *People* v. *Foster,* 133 id. 505; *Railroad Co.* v. *Dunning,* 18 id. 494.

RALPH E. EATON, for appellee:

Special matters in defense can only be set up in notice where the general issue is pleaded.    Starr & Cur. Stat. chap. 110, sec. 29.

A defendant cannot plead the general issue and set up the defense of tender at the same time.    *JoDaviess County* v. *Staples,* 108 Ill. App. 539.

In no sense does the notice provided for take the place of the general issue.    *Bailey* v. *Bank,* 127 Ill. 332.

In this case it was not necessary for plaintiff to prove that he had filed his account with the board of supervisors and that it was not allowed.    *Town of Ross* v. *Collins,* 106 Ill. App. 396.

The court is only empowered to appoint a special bailiff to summon jurors where an objection has been made to the sheriff.    *Healy* v. *People,* 177 Ill. 306.

Unless it was the intention of the legislature that the special bailiff mentioned in section 13 of chapter 78 of our statutes was to receive just compensation for his services as such bailiff then that section of the statute is certainly unconstitutional, and the court could force no citizen to act as such bailiff.    *Ritchie* v. *People,* 155 Ill. 98; *Carrollton* v. *Bazzette,* 159 id. 294.

It is the duty of courts to so construe statutes as to uphold their constitutionality and validity if it can reasonably be done, and if the proper construction is doubtful the doubt should be resolved in favor of the validity of the law.    *Arms* v. *Ayer,* 192 Ill. 601.

As to fees allowed for summoning jurors, see section 19 of chapter 58, in reference to fees and salary.

In passing upon the right of public officers to compensation, contemporaneous, uniform and practical construction of a constitutional provision or statute by the legislative department and the executive officers charged with the duty of enforcing the provision or statute will be given great weight by the courts, and, in general, will be allowed to control where the construction is doubtful. *Nye* v. *Foreman,* 215 Ill. 285.

Mr. JUSTICE WILKIN delivered the opinion of the court:

The errors assigned question the ruling of the court in holding the county liable for the amount claimed. Section 9 of article 10 of the constitution of 1870 provides that sheriffs shall receive as the only compensation for their services salaries to be fixed by law, which shall be paid only out of the fees of the office actually collected, and all fees, perquisites and emoluments above the amount of their salary shall be paid into the county treasury. Section 10 of article 10 of the constitution provides that the county board shall fix the compensation of all county officers, with the amount of clerk hire and other expenses, and in all cases where fees are provided for, said compensation shall be paid only out of, and shall in no instance exceed, the fees actually collected, and all fees by them received in excess of their said compensation shall be paid into the county treasury. Sections 51 and 52 of chapter 53 (Hurd's Stat. 1903, p. 968,) makes it the duty of the sheriff to report all fees and expenses, in detail, on the first days of June and December each year, and provides for the disposition of the balance in his hands and the auditing of his books by the county board. Section 19 of chapter 53 (Hurd's Stat. 1903, p. 957,) fixes the fees of sheriffs for summoning each juror, in counties of the first class, at fifty cents, together with five cents mileage each way.

The above are the sections of the law in effect at the time appellee was appointed as special bailiff. The duly

elected and acting sheriff of Carroll county was subject to the above provisions of the law. His salary had no doubt been fixed by the county board, together with his allowance for deputy hire and other necessary expenses of his office. He had no right to the fees of his office. They did not belong to him individually or officially. They merely constituted a fund out of which he had a right to deduct his salary and pay the expenses of his office, which had been previously determined by the county board. The balance of the fees, if any, belong to the county, and it was his duty to pay them over to the county treasurer, and they then became available for other county expenses. *People* v. *Foster,* 133 Ill. 496; *County of LaSalle* v. *Milligan,* 143 id. 321.

At the time of the trial of the criminal case in the circuit court out of which this litigation grew, the sheriff, for some reason unimportant here to state, was disqualified to summons a jury. Section 13 of chapter 78 (Hurd's Stat. 1903, p. 1145,) provides that when the regular panel of jurors shall be exhausted, the court may direct the sheriff to summons a sufficient number of persons to fill the panel for the pending trial, but upon objection of either party to the cause to the sheriff summonsing the persons to fill the panel the court shall appoint a special bailiff to summons such jurors. The appellee was selected by the court for this purpose. It will be observed that the statute is silent as to who this person thus selected shall be, except that the same person shall not be appointed more than once at any term of court. He may be a constable, or a person holding some other office, or a private citizen, provided the court thinks he is a proper person to perform the duty. The mere fact that appellee was a duly elected, qualified and acting constable of his township at the time of his appointment makes no difference, either in the duties to be performed by him or the compensation to be paid. Section 41 of chapter 53 (Hurd's Stat. 1903, p. 966,) provides that a constable shall receive $2.50 per day for each day's attendance in the circuit court, to be

paid out of the county treasury. But this section refers to the usual and customary duties of a constable while acting as a deputy sheriff or bailiff. But appellee was not a deputy sheriff or bailiff in a usually accepted meaning of the term. The sheriff was disqualified and could not act, and the appellee was appointed to act in his stead. Persons refusing to obey his summons would be liable for punishment for contempt the same as if they disobeyed the summons of the sheriff. Appellee was, however, in no sense under the control or dominion of the sheriff. He was clothed with discretion as to whom he should summons, and was under orders from no one, unless it was the court.

Appellee thus occupying the position of the sheriff, the question arises as to the amount of his fees. The statute is silent as to any compensation for this work; but can it be said that he would be entitled to the fees provided by law to the sheriff for summonsing jurors? We think not. These fees did not belong to the sheriff. They merely constituted a fund out of which his salary, together with the other expenses of his office, might be paid, and the balance, if any, turned over to the county treasurer,—and this only upon the theory that the fees were actually paid, otherwise they would only constitute a part of the earnings of the sheriff's office. If the sheriff himself was not entitled to the fees as his individual property, we do not see how it can be argued that appellee was entitled to them. He would certainly be entitled to no greater rights or privileges than the sheriff himself, especially in the absence of statutory provisions.

Upon the trial in the circuit court the court instructed the jury that if they believed, from the evidence, that the plaintiff was appointed by the circuit court of Carroll county as a special bailiff to serve fifty persons to act as jurors in said court, and that he acted as such bailiff and under the authority of said appointment served persons to act as jurors in said court, in that case he was entitled to recover from the county of Carroll the sum of fifty cents for each person

served, together with five cents mileage each way.  Acting upon this instruction the jury returned a verdict for $50.30 against the county.  The instruction of the court and the judgment entered upon the verdict were both clearly wrong, and were not founded upon any principle of law which has been called to our attention or which we know of, and the judgment as rendered will have to be reversed and the cause remanded for a new trial.

As the case will have to be tried again and the same question arise for determination, we will pass upon the proper compensation of the appellee, so there may be no further controversy over the matter.  The statute makes provision for the appointment of a special bailiff but in no place defines what his compensation shall be.  The court undoubtedly can not be so obstructed by this omission as to delay its business or clog its wheels.  It has summary powers to do those things which are necessary to properly administer justice. One of these summary powers is to supply any slight defect or omission which may be necessary.  At the same time, the people of the county are interested to the extent, at least, that an exorbitant or unjust claim shall not be allowed.  The court had authority to appoint appellee.  It also had power to fix his compensation at such a just and reasonable amount as would indemnify him for his time actually employed and his necessary expenses in traveling over the county to perform his duties.  This allowance should be made upon a showing of the character of the work done and the reasonable compensation therefor.

The judgments of the circuit court and of the Appellate Court will be reversed and the cause remanded for further proceedings in accordance with the views above expressed.

*Reversed and remanded.*