**OIL WELL SUPPLY CO. v.
WICKWIRE et al.**

No. 285–D.

District Court, E. D. Illinois.

Dec. 29, 1943.

Bookwalter, Carter & Gunn, of Danville, Ill., for plaintiff.

Donovan D. McCarty, of Olney, Ill., for defendant.

LINDLEY, District Judge.

The motion to dismiss raises the question whether, in view of the facts succinctly pleaded in the complaint, a transcript of judgment was filed with the Circuit Clerk of Wayne County, on the morning of September 18, 1940, or on September 20, 1940.

Plaintiff obtained judgment against one Barnes in the Marion Circuit Court for $7,389.56 on September 16, 1940. On the day following plaintiff's attorneys mailed to the Circuit Clerk of Wayne County a certified transcript of the judgment writing that they were enclosing the transcript "which is to be filed in your office. When the same is filed please issue execution and deliver to the sheriff." The letter and document were received on the morning of September 18. The Clerk did not file or return the transcript but did at once write to plaintiff's attorney that he had received in the mail "this morning a transcript from the Circuit Court of Marion County, Illinois, to be filed in this office. Filing fee for a transcript is $5.00. Will you please take care of this fee as soon as possible." This letter was delivered on September 19 and immediately the recipient mailed to the Clerk, $5, which was received by him on September 20, 1940. At that time the Clerk endorsed the document as "filed." On September 18, in the afternoon, defendants filed for record, assignments to them of oil and gas leases in which the assignor was the judgment debtor Barnes. If the transcript was filed, within the contemplation of the Illinois law, at the time it was received, on the morning of the 18th of September, the lien of the judgment creditor is superior to the title of defendants

under the assignments filed at a later date; otherwise it is inferior. Thus our question is the narrow one of law whether upon the facts stated the paper was filed on the morning of September 18, 1940.

Chapter 77, Sec. 1, of the Illinois Revised Statutes provides that a judgment will become a lien in a county other than the one where the judgment was entered "* * * upon the filing in the office of the clerk * * * of a transcript of a judgment * * * rendered in any other county * * *."

■ Under Chapter 53, Sec. 31, of the same statutes: "The fees of the clerk of the Circuit Court * * * *shall be paid in advance.*" (Italics supplied.) Obviously the act contemplates that the clerk shall not file any document unless the fee therefor shall have been paid and that a paper shall not be considered a part of the official files until the statutory fee shall have been paid, even though the clerk retains it. In other words, payment of the filing fee is a condition precedent to filing.

Bouvier says: "Filing a paper, in modern usage, consists in placing it in the custody of the proper official * * * and making of the proper indorsement by the officer. * * * The word carries with it the idea of permanent preservation of the thing so delivered and received; that it may become a part of the public record. It is not synonymous with deposited; * * *." 1 Bouv.Law Dict., Rawle's Third Revision, p. 1219. "* * * valid filing * * * of an instrument is effected by delivering the instrument to the proper officer and paying him the fees allowed by law; and it has been held that unless there is prepayment of such fees, effective recording can not be predicated upon the delivery of an instrument to the proper officer for record. * * * Further, where there is no prepayment of the required fee, the recording officer may refuse the paper to record. However, there is authority that he may record the instrument on his own responsibility; and, if he does admit the instrument to record without payment of the fee, the record is not thereby invalidated. Under a statute providing that the recording officer shall not be compelled to record an instrument until after tender or payment of the fee, the clerk may refuse to receive an instrument offered for record unless the fees for recording be paid to him in advance, but this must be seasonably or immediately done upon the tender of the instrument for record, * * * *." 53 C.J. 617, 618; 36 C.J.S., File, p. 756.

"The term 'filing' imports that the paper shall remain with the clerk as a record, subject to be inspected by those who have an interest in it, and to be certified by him as any other paper properly lodged in his office, and committed to his custody." Meridian National Bank v. Hoyt & Bros., 1896, 74 Miss. 221, 21 So. 12, 13, 36 L.R.A. 796, 60 Am.St.Rep. 504; Cooper v. Frierson, 48 Miss. 300, 310. The early cases, People ex rel. Maus v. Harlow, 29 Ill. 43, and People ex rel. Thomas v. Rockwell, 2 Scam. 3, 3 Ill. 3, hold that a clerk may insist upon the payment of a filing fee as a condition precedent and that mandamus will not lie to compel him to act before such payment. Similar are Pfirmann et al. v. Henkel et al., 1878, 1 Ill.App. 145, and Henkel v. Heyman, 91 Ill. 96.

In State v. Chicago & E. I. R. Co., 145 Ind. 229, 43 N.E. 226, 228, the pertinent statute provided that the secretary of state should "charge and collect, for the benefit of the state, the following fees, etc." The court held that, in the absence of advancement of the fees, the document could not be considered filed, saying: "We think that it is evident, from the above clause, that the legislature intended to make the required filing fee for the articles and papers mentioned in the statute a condition precedent to the receiving of the same for filing by the secretary of state. Under the law, therefore, he would not be authorized to receive and file the papers or instruments mentioned until this condition of payment of the fee in advance had been fully complied with by the person desiring to file the same in his office. * * * Under such circumstances the law is the letter of the officer's agency, and he has no warrant to waive the advance payment of the fee."

■ In Illinois, fees collected by clerks of court are primarily, the funds of the county. Their compensation is ordinarily fixed by the county board of supervisors or commissioners and is then deducted from the fees collected. The balance of the earnings are then delivered to the county. Ill.Const. Art. X, Sec. 10, Smith-Hurd Stats.; Marion County v. Lear, 108 Ill. 343; Carroll County v. Durham, 219 Ill. 64, 76 N.E. 78; Cullom v. Dolloff, 94 Ill. 330; People v. Jochums, 369 Ill. 348, 16 N.E.2d 894; Ill.Rev.Statutes, Chap. 53,

Sec. 69; Hamilton County v. Buck, 8 Ill. App. 248; People v. Toomey, 122 Ill. 308, 13 N.E. 521; Satterfield v. People, etc., 104 Ill. 448. Inasmuch as the fees are not fundamentally the property of the clerk, it would seem to follow that it was his duty to collect them as a condition precedent to filing. Pertinent are Hilts v. Hilts, 43 Or. 162, 72 P. 697; Jacobsen v. Jeffries, 86 Utah 587, 47 P.2d 892; Gee v. Smith, 52 Utah 602, 176 P. 620; and Boyd v. Burrel, 60 Cal. 280.

 The reasoning of these authorities leads to the conclusion that the document in question was not filed before September 20. It had not become a part of the files of the clerk's office. The actions of that official speak with significance. He received in the mail a transcript "to be filed." He did not file it but wrote that he had received it for the designated purpose and that the fee was $5 and must be remitted. When remittance arrived, for the first time, he marked the document filed. All this reflected only an intention upon his part to hold the document in abeyance as tendered for filing until the fee was received. Nothing in the language he used, or in his acts, indicate an intention to waive the prescribed statutory condition precedent, that is, payment of the filing fee. On the contrary, from the time the paper arrived in the mail until the fee was paid, he held the document as a voluntary custodian, withheld it from the official records, waived no collection of the fee and conferred upon the document nothing of official character until the condition precedent had been satisfied.

 From another viewpoint, by submitting the papers to the Clerk of Wayne County, plaintiff's attorney made an offer or tender. The clerk did not accept this, but submitted a counter-offer,—that he would file the transcript when the fees were paid. Until plaintiff's attorney accepted this counter-proposal, by submitting the filing fee, the transcript was not filed. It may well be that if one makes a physical tender of the instrument, the clerk is in a position immediately to accept or reject it —with or without the prescribed filing fee. But where the document is delivered by mail, the clerk does not voluntarily receive it officially without advancement of the fees. He is under no obligation to file it until the fee has been paid. Though his conduct subsequent to the receipt of the paper, under certain circumstances, may be such that he is deemed constructively to have waived advancement of the fee, the clerk did not do this here; rather, he promptly informed plaintiff's attorney of the receipt of the instrument, and requested that the fee be forwarded. A bona fide purchaser searching the record on September 18, would have acquired no notice of the lien arising from a transcript not placed in the public files, but merely retained in a drawer of the clerk's desk awaiting receipt of the filing fee. A contrary holding, it seems to me, would extend unreasonably the constructive notice of public records.

Elles v. Industrial Commission, 375 Ill. 107, 30 N.E.2d 615, cited by plaintiff, I think militates in no degree against my conclusion. There the praecipe was actually filed by the clerk and the writs issued by the clerk; he apparently waived the right to have the fee paid in advance, as he might do at his own risk. 53 C.J. 617, 618; Dowie v. Chicago, W. & N. S. R. Co., 214 Ill. 49, 73 N.E. 354. It is only equitable that a litigant should not be penalized because a clerk does not conform to his statutory duty to demand the filing fee in advance. Dowie v. Chicago W. & N. S. R. Co., 214 Ill. 49, 73 N.E. 354, is likewise relied on. There the clerk received the papers from a messenger, did not demand the fee in advance, retained them until plaintiff had become adversely affected by subsequent events, and then wrote plaintiff's attorney that he doubted his right to file and quoted the filing charge. The court held the document filed when presented, emphasizing the fact that the fee was not demanded in advance and thus preventing hardship arising from the clerk's failure to comply with his statutory duties.

In Hanover Fire Insurance Co. v. Shrader & Rogers, 1895, 89 Tex. 35, 32 S.W. 872, 33 S.W. 112, 113, 30 L.R.A. 498, 59 Am.St.Rep. 25, the court held that where a paper is received by the clerk for the purpose of making it a part of the records in the case, it is filed, saying: "The evidence which is looked to by the court in determining whether the paper has been filed or not is the clerk's indorsement of the fact upon the paper itself. The form of that indorsement is usually the word 'Filed,' with the date. We think, however, if the indorsement shows the fact in other words, it is sufficient." Plaintiff had obtained judgment. Defendant's motion for

rehearing was overruled on the 18th of October, and on the 17th of November, defendant filed application for a writ of error. Since the 17th was Sunday, the clerk received the instrument and noted the date of delivery, but marked it "filed" on November 18, one day later than the statute allowed for such action. The court held that the application was filed on the 17th and that that was Sunday did not invalidate filing. It might well have invoked the near universal rule that where the final day of a specified period expires on Sunday or a holiday the time is extended to include the day following.

American Exchange National Bank v. Colonial Trust Co., Tex.Civ.App., 186 S. W. 361, is authority for the proposition that if a document is received into custody by the clerk, it is filed. But the holding there was that the clerk may refuse to record the instrument until his fees are prepaid, and that if he does not object immediately, it will be considered filed. Here the clerk desisted from filing and demanded the fee.

In an Illinois case cited by plaintiff it was held that a clerk is not compelled to require the payment of a filing fee in advance, Hamilton v. People, 61 Ill.App. 91. That case, however, arose under a statute which did not include the words "shall be paid in advance." The law was amended in 1911 to include those words.

The motion to dismiss is allowed.