In re Dale F. MOLER, d/b/a Sims Optic, West, Debtor(s),

Dale F. MOLER, d/b/a Sims Optics, West, Plaintiff,

v.

NONILCO CORPORATION, Defendant.

Bankruptcy No. BK 92–41163.

United States Bankruptcy Court, S.D. Illinois.

March 18, 1993.

Maurice J. McCann, Murphysboro, IL, for plaintiff.

Robert Schulhof, Carbondale, IL, for defendant.

### OPINION AND ORDER

KENNETH J. MEYERS, Bankruptcy Judge.

Debtor, Dale Moler, has filed a motion to avoid the judicial lien of Nonilco Corporation ("Nonilco") on real property used as the debtor's residence. The debtor asserts that Nonilco's lien may be avoided under 11

U.S.C. § 522(f)(1) as impairing a homestead exemption to which he would otherwise be entitled. The debtor further contends that Nonilco's lien is void in that Nonilco's memorandum of judgment was recorded following the debtor's bankruptcy filing in violation of the automatic stay of 11 U.S.C. § 362(a).

The facts are undisputed. Nonilco obtained a judgment against the debtor in August 1992 and, on September 10, 1992, mailed a copy of the judgment to the Williamson County Recorder of Deeds. On September 11, 1992, the debtor filed his Chapter 7 bankruptcy petition. The Williamson County Recorder of Deeds, upon receipt of Nonilco's judgment, recorded it on September 14, 1992.

The threshold issue of whether a lien exists depends on the scope of the automatic stay and whether the recording of Nonilco's judgment by the Williamson County Recorder of Deeds was void as a violation of the stay. Under § 362(a)(5), the filing of a bankruptcy petition operates as a stay of

> (5) any act to create, perfect, or enforce against property of the debtor any lien to the extent that such lien secures a claim that arose before the commencement of the case....

11 U.S.C. § 362(a)(5).[1]

Nonilco asserts that since its action of mailing the judgment to the Recorder of Deeds occurred prior to bankruptcy, there was no violation of the stay and its lien is valid. However, the Illinois statute governing judicial liens provides that a judgment is a lien on real estate "only from the time a transcript, certified copy or memorandum of the judgment *is filed* in the office of the recorder in the county in which the real estate is located." Ill.Rev. Stat. ch. 110, par. 12–101 (1991) (emphasis added). Thus, under the terms of the statute, it is the actual filing of the memorandum of judgment by the recorder that creates the lien, not the mailing of such memorandum to the recorder's office to be filed. *Oil Well Supply Co. v. Wickwire,* 52 F.Supp. 921 (E.D.Ill.1943).

In *Wickwire,* a transcript of judgment was mailed to the circuit clerk for filing but was not endorsed by the clerk as "filed" until the judgment creditor forwarded the appropriate filing fee. Between the time the clerk received the document and the time he marked it filed, the interests of a third party had intervened. In deciding that the judgment creditor's lien did not arise under Illinois law until the document was actually filed by the circuit clerk, the court cited authority to the effect that

> 'Filing a paper ... consists of placing it in the custody of the proper official ... and making of the proper indorsement by the officer.... The word carries with it the idea of permanent preservation of the thing so delivered and received, that it may become a part of the public record. It is not synonymous with deposited[.]'

Id. at 922.

The court concluded that the judgment was filed and the lien created, not when the transcript of judgment was mailed by the judgment creditor or received in the clerk's office, but when the document became "part of the files of the clerk's office" by the clerk marking the document filed. *Id.* at 923. The court observed that a contrary rule would unreasonably extend the constructive notice function of public records, as prospective purchasers or creditors searching the records would acquire no notice of liens arising from judgments that had been merely mailed for recording. *Id.*[2]

---

**1.** "Property of the debtor" includes exempt property and property acquired after the date of the bankruptcy filing. 2 *Collier on Bankruptcy,* P 362.04[5], at 362–42 (15th ed. 1992). While, as explained in this Court's decision in *In re Cerniglia,* 137 B.R. 722, 726 (Bankr.S.D.Ill.1992), a judgment lien does not attach to a debtor's homestead interest under Illinois law, it would attach to the debtor's interest in property accruing after bankruptcy, including any appreciation in value or equity that accumulates above the debtor's homestead amount following bankruptcy. *See id.* at 724. Thus, § 362(a)(5) applies in this case to preclude the creation of a judicial lien on the debtor's property after his bankruptcy filing.

**2.** Nonilco does not argue that the Illinois "mail box rule" (Ill.Rev.Stat. ch. 1, par. 1026(1) (1991)) applies so that its judgment would be

In this case, the debtor's bankruptcy filing occurred before Nonilco's judgment was placed of record to become a lien on the debtor's real estate. The automatic stay, having intervened between Nonilco's mailing of the judgment and the actual filing of the judgment by the Recorder of Deeds, is effective against the creation of the judgment lien by filing. *Cf. Wilkey v. Ohio Valley National Bank of Henderson (In re Baird)*, 55 B.R. 316, 318 (Bankr. W.D.Ky.1985) (although writs of execution were obtained and delivered to sheriff prior to bankruptcy filing, sheriff's returns on these writs, made after the filing, were void as in violation of stay, so that no perfected liens arose against debtors' property).

The Court finds that Nonilco's lien, having been obtained in violation of the automatic stay, is void and of no effect as a charge upon the debtor's property.[3]

IT IS SO ORDERED.

deemed filed on the date of mailing. While this provision has been invoked in situations involving the filing of papers before the expiration of a period, the Court is aware of no case applying it in a situation such as this, in which filing serves a notice function to third parties searching public records.

**3.** Because Nonilco's lien was void in its inception, it is unnecessary to address the debtor's further contention that the lien may be avoided under § 522(f)(1).