JAMES LOVE, appellant, *v.* ARTHUR FAIRFIELD, &c. appellee.

*Appeal from Madison.*

A suit in attachment was brought in the name of Fairfield, for the use of Field and Hall. The bond was executed by Field and sureties, reciting the form of the action, and containing the following condition: "Now if the said Alexander P. Field and David N. Hall shall prosecute said suit with effect, or in case of failure therein, shall well and truly pay and satisfy the said James Love all such costs in said suit and damages as shall be awarded against the said Field and Hall, their heirs, executors and administrators, in any suit or suits, which may hereafter be brought for wrongfully suing out the attachment, then," &c.: *Held*, that the bond was in conformity to the statute.

A suit was brought upon a judgment in the name of A. for the use of B. and C. to whom it had been assigned. At the trial, the defendant moved for a continuance because no copy of the assignment was filed with the declaration. The motion was overruled: *Held*, that it was not necessary to file such copy, the suit being upon the record of the judgment and not upon the assignment.

ATTACHMENT, in the Madison Circuit Court, brought by Fairfield, for the use of Alexander P. Field and David N. Hall, against Love.

The attachment bond was executed by Field and sureties, the condition of which is recited in the Opinion of the Court. A motion to quash the attachment for an alleged insufficiency in the bond was made at the August term, 1848, the Hon. Gustavus P. Koerner presiding, which was overruled. A motion for a continuance was also made, because no copy of an assignment of the judgment sued on was filed with the declaration, which motion was also overruled. The cause was then tried by the Court, and judgment rendered for the plaintiff below.

*J. Gillespie,* for the appellant.

*L. Davis & N. G. Edwards,* for the appellee.

The Opinion of the Court was delivered by

CATON, J. There are but two questions to be examined in this case. The first is, whether the motion of the defendant below should have been sustained to quash the

writ of attachment for the insufficiency of the attachment bond, and the other is, whether the motion for a continuance should have been allowed. The objection is, that the condition of the bond is not in conformity to the statute. The condition recites that Field and Hall had sued out an attachment at the suit of Fairfield to their use, and against the estate of Love, &c. "Now if the said Alexander P. Field, and David N. Hall shall prosecute said suit with effect, or in case of failure therein, shall well and truly pay and satisfy the said James Love all such costs in said suit, and damages as shall be awarded against the said Field and Hall, their heirs, executors and administrators, in any suit or suits which may hereafter be brought for wrongfully suing out the attachment, then," &c. This bond is in all respects a literal transcript from the statute, merely filling up the blanks. Rev. Stat. 64, § 5. But it is insisted for the plaintiff in error, that inasmuch as the preceding section provides that the bond shall be "conditioned for satisfying all costs which may be awarded to such defendant, *or to any others interested in said proceedings*," that something more is required.

Had not the Legislature prescribed this form for the bond, we might have held this insufficient to secure the rights of those "others interested in said proceedings" if any such there could be, as appears to be contemplated in the fourth section. This being a statutory bond, should the question ever arise, it would be construed to have the effect ascribed to it by the Act, as the law enters into and forms a part of it in legal contemplation. It must be an extraordinary case indeed, when the Court shall hold that that bond is insufficient to authorize the issuing of an attachment, which the attachment law itself says shall be sufficient.

The defendant moved to continue the cause, because no copy of the assignment of the judgment from Fairfield to Field and Hall, had been filed with the declaration. This motion was properly overruled. It was not necessary that this should have been filed. The suit was not brought upon the assignment, but upon the record of a judgment. So far

from its being the foundation of the suit it was not necessary to prove it at the trial; nor could the suit have been defeated by proving that no such agreement had ever been made. Fairfield was the plaintiff on the record, and the statement in the declaration, that the suit was prosecuted for the use of Field and Hall was not traversable.

The judgment of the Circuit Court is affirmed with costs.

*Judgment affirmed.*