Henckler, impl., etc., *v.* County Court of Monroe County.

CHARLES HENCKLER, impleaded, etc., Appellant, *v.* THE COUNTY COURT OF MONROE COUNTY, for the use of John E. Schuetze, and Charles F. Eggers, Appellee.

APPEAL FROM MONROE.

The statute has not made it the duty of a constable to collect money except by virtue of process; and an action will not lie upon his bond for money collected by him without process for that purpose.

The Circuit Court should not, in cases of appeal from a justice of the peace, authorize an amendment of the summons, by changing the names of parties.

THIS was an appeal from a justice of the peace, tried in the Monroe Circuit Court, at the May term thereof, 1861. The suit was upon a constable's bond against Scheuermann and the others as his securities. The case was tried by the court by consent, and judgment was rendered for plaintiffs below for the sum of one thousand dollars debt, and forty-three dollars and fifty-five cents damages, to be satisfied upon the payment of said damages and costs.

Before the trial of the case, plaintiffs asked and obtained leave of the Circuit Court to change the name of the plaintiffs so as to read: County Court of Monroe county for the use of said plaintiffs below, to which the defendants below excepted.

Plaintiffs below proved that the account sued on was presented by witness to George Scheuermann, who acknowledged that the same was correct, except that the interest was too much. (Interest was computed at ten per cent.) This was before suit was brought before the justice of the peace. Witness further stated, that said sum was collected by Scheuermann in 1856, on an account of Schuetze and Eggers against Dr.

Hoffmann, and witness thought it was collected without suit, and that said Scheuermann was constable when he received and collected said accounts. This was all the evidence in the case, on which evidence the court found for the plaintiffs below. Motion for new trial was then made because the verdict was contrary to law and evidence, which motion was overruled by the court.

Charles Henckler, one of the defendants below, appealed to this court, and assigns for error : That the court below erred in allowing the name of the plaintiffs' parties to be changed. That the court below erred in finding for plaintiffs below, and in refusing a new trial.

W. H. UNDERWOOD, for Appellant.

OMELVENY & KENNEDY, for Appellee.

WALKER, J. This was an action before a justice of the peace on a constable's bond. It was removed by appeal to the Circuit Court, where a trial was had, resulting in a judgment against the constable and his sureties, for the amount of the penalty as debt and forty-three dollars and fifty-five cents damages, and the costs of suit. The evidence discloses the fact, that Scheuermann as constable received a claim due Schuetze and Eggers against Dr. Hoffman, which was collected without suit. This presents the question whether the sureties on a constable's bond are liable for money received on claims placed in his hand for collection, when suit has not been instituted. Does the statute impose that as a duty upon that officer except upon process? If it does, then it is an official act, for which his sureties are unquestionably responsible.

No reference has been made to any such statute, nor have we been able to find any such duty imposed. When a summons is placed in his hands, the statute has authorized the defendant to pay the amount indorsed thereon with the costs, in discharge of the claim. The constable is also by the command of an execution required to levy the amount of the judgment and costs. Money thus received, is in his official character, and a failure to pay it to the plaintiff or justice of the peace would be a breach of duty, against which his sureties have undertaken. On the contrary, the statute has made the justice of the peace a collecting officer, independent of legal process, and with him and his sureties it is otherwise. But the statute having failed to impose such a duty upon a constable, and as he derives all of his authority from it, the liability of his sureties can be no more extensive than his duties.

Ohio and Mississippi R. R. Co. *v.* Jones.

They cannot be held liable for this or any other unofficial act. If a claim is placed in his hands for collection, and he receives the money without process, and fails to account for it, the creditor must look alone to the constable for its payment, as to any other agent.

Again, the court erred in permitting an amendment of the summons, by authorizing a change in the parties to the suit. *Lake* v. *Moss*, 11 Ill. 589. Unless there was something in the record by which to amend, the names of the plaintiffs could not be changed. To this effect is the uniform current of adjudged cases.

The Circuit Court therefore erred in rendering judgment in favor of the appellees, and it must be reversed and the cause remanded.

*Judgment reversed.*