ROBERT WEIR ET AL.

v.

WILLIAM M. DUSTIN ET AL.

*Attachment—Bond—Action on by Assignee of Firm of Attachment Debtor
—Set-off of Judgment Obtained in the Attachment Suit.*

1. Expenses incurred by the assignee of a co-partnership, of which a defend-
ant in attachment was a member, in defending an attachment, can not be
recovered, the same having been defeated in an action by such assignee
upon the bond given by the attaching creditors in the attachment
proceeding.

2. Were this otherwise, a personal judgment against the debtor,
obtained in the attachment proceeding, could be set off in such an action
by the assignee.

[Opinion filed February 14, 1890.]

APPEAL from the Circuit Court of Logan County; the Hon.
G. W. HERDMAN, Judge, presiding.

Mr. PARKE E. SIMMONS, for appellants.

Messrs. BLINN & HOBLITT and BEACH & HODNETT, for appellees.

WALL, J. Appellee recovered a judgment for $611.86 against appellants in an action of debt on an attachment bond. The writ of attachment was issued at the instance of Weir & Craig against William M. Dustin and was levied upon real estate of said Dustin. That suit resulted in a judgment against Dustin for the amount claimed by Weir & Craig, but the attachment was defeated. A few days after the writ of attachment was levied, William M. Dustin & Co., a firm composed of said William M. Dustin and two other persons, made an assignment of all property, real and personal, choses in action, etc., belonging to said firm, to Aaron B. Nicholson, and a few days thereafter William M. Dustin conveyed the property levied upon to the said Nicholson, which conveyance was in the statutory form and contained the statement that it was intended thereby " to vest in said Aaron B. Nicholson, assignee, the same title in and to the said real estate that he has in the estate of said William M. Dustin & Co., for the sole use and benefit of their depositors."

The defense to the attachment was wholly and entirely the work of Nicholson, the assignee of Dustin & Co., and the items of damages for which the present suit was brought were all of them expenses incurred by said Nicholson as such assignee in said defense.

William M. Dustin was at no expense whatever in that behalf. He was unwilling or unable to make the defense, and really it does not appear that he had any particular interest in so doing. It was, however, a matter of interest to the creditors of Dustin & Co. to defeat the attachment, and the assignee made the defense on their behalf and used for that purpose the funds of the estate of William M. Dustin & Co.

The first question is whether expenses so incurred, not by the defendant in attachment, but by the assignee of a co-part-

nership of which he was a member, can be recovered in an action upon the bond given by the attaching creditor in that proceeding. That bond was in terms payable to the defendant William M. Dustin, and was conditioned to satisfy him for such cost and damages as should be awarded against them for the wrongful suing out of the said attachment. . It was for his personal benefit and protection and to indemnify him for any loss or damage or expense he might sustain in that respect.

Had there been no assignment by his firm and had his partnership creditors made the defense for their own purposes, he being indifferent and permitting his name to be used but incurring no expense, it would never be supposed that in an action on the bond a recovery could be had for costs and expenses incurred by such creditors in that defense. It seems to be argued by counsel that by the assignment the assignee was invested with the legal right to make this defense and to recover the cost of it in the name of Dustin, as though it were a chose in action of the firm, which, by the assignment, passed to the assignee.

It did not belong to the firm but to Dustin only, and whatever it was, whether a chose in action or something less, or otherwise, it did not pass by the assignment; for according to the plain terms of that instrument it purported and professed to transfer only such rights as pertained to the firm and did not expressly or by implication include anything pertaining individually to William M. Dustin.

The liability of a surety is to be construed strictly, as we learn from the books, and it is fundamental that it is not to be extended beyond the reasonably plain purport of the language employed. The surety is supposed to sign the obligation with the understanding that it is to be so construed in his favor. This case illustrates the matter very well. It was not unlikely that as real estate only needed to be levied upon, and that there would be no damage thereto in any event, and as the only effect of the attachment would be to give the plaintiff therein an advantage over other creditors, the defendant would be indifferent as to the result; but it was not in contemplation that

the creditors of Dustin & Co. might assume the defense and with a *carte blanche* as to expenses employ counsel *ad libitum* and bring witnesses from distant States as was done here, and recover it all back on this bond which was payable to William M. Dustin for his indemnity, when he had been at no loss whatever in the premises and had no real interest in the defense. The partnership creditors had no interest in this bond. It was not payable to them and they can not either directly or through the assignee obtain any relief upon it. As more or less supporting the view we take, reference may be had to Murfree on Official Bonds, Secs. 375–8; Wade on Attachment, Vol. 1, Sec. 107; Drake on Attachment, Sec. 162 ; Burgett v. Paxton, 15 Ill App. 379.

Counsel argue that by virtue of the statute regulating the giving of a bond in attachment cases any person interested in the proceedings may maintain an action on the bond; but we think the expression referred to relates to costs only and not to such damages as are here involved. We are of opinion that the Circuit Court erred in holding the appellants liable upon the facts stated for the expenses so incurred by the assignee in said defense.

It is also urged on behalf of appellants that even if the appellees could recover for these items on the bond, appellants might well set off the judgment held by Weir & Craig, the principals in the bond, against said William M. Dustin, which they proposed to do, but in which they were overruled by the Circuit Court. The present demand is nominally in behalf of William M. Dustin, and if the items thereof are recoverable in an action on this bond, it must be by reason of an assignment or transfer in fact, or by legal effect, of which the law will take notice, to Nicholson; but any such assignment must necessarily be subject to all equities existing at the time in favor of the bondsmen against Dustin, and it is well settled in this State at least, that in an action against a principal and his surety a demand in favor of the principal may be set off against the demand of the plaintiff against the principal and surety. Himrod v. Baugh, 85 Ill. 435.

It would hardly be doubted that under the rule announced

in the case just cited, if the present suit were in the name of
Dustin alone (as in legal effect it really is, the name of the
usee being immaterial and unnecessary), and his interests only
were involved, the defendants might set off the judgment of
Weir & Craig against him.

The subject-matter thereof was subsisting when the attach
ment bond was given and before any right of action thereon
existed in favor of Dustin or any one else in his right.    The
case of Harding v. Shephard, 107 Ill. 264, is not in point, for
in that case it was proposed to set off against a demand in
favor of the executor for property by him sold to defendant,
a claim held by the latter against the decedent.

We are inclined to hold that the proposed set-off was
allowable and that it was error to deny it, assuming there was
liability on the bond as claimed by appellees.

The judgment will be reversed and the cause remanded.

*Reversed and remanded.*