FRANKLIN C. ORTON *et al.*

*v.*

THE CITY OF LINCOLN.

*Filed at Springfield June 13, 1895.*

1. BONDS—*city clerk's bond—what liability covered by.* The bond of a city clerk creates no liability for his failure to pay over money which, under the laws and ordinances, he had no right to receive, but which was required to be paid into the city treasury.

2. OFFICERS—*when treasurer, and not the clerk, must receive public money.* A requirement that money shall be paid into the city treasury is a designation of the city treasurer as the recipient of the money, and gives the city clerk no right to receive it.

*Orton v. City of Lincoln,* 56 Ill. App. 79, reversed.

APPEAL from the Appellate Court for the Third District;—heard in that court on appeal from the Circuit Court of Logan county; the Hon. GEORGE W. HERDMAN, Judge, presiding.

A. D. CADWALLADER, and BEACH & HODNETT, for appellants:

It was not the legal duty of the city clerk to receive license money for dram-shops. 1 Starr & Curtis' Stat. sec. 16, p. 974; art. 5, chap. 24, sec. 46, p. 467.

The clerk's bond is not liable for money received for dram-shop licenses. *Lynch* v. *Litchfield,* 16 Ill. App. 651.

It was the duty of the city council, before granting licenses to keep dram-shops, to see that the license money

was paid in advance, into the city treasury. 1 Starr & Curtis, sec. 16, p. 974.

The city treasurer was the party to receive the license money—not the city clerk. 1 Starr & Curtis, p. 481.

It not being the duty of the city clerk to collect saloon license money, the sureties on his bond are not liable therefor. 1 Starr & Curtis, sec. 16, p. 974; Brandt on Suretyship, sec. 451; *People* v. *Pennock,* 60 N. Y. 421.

A surety of an officer is not liable for money received by his principal out of the line of his duties. *People* v. *Pennock,* 60 N. Y. 421; *Henckler* v. *County Court,* 27 Ill. 38; *State* v. *White,* 10 Rich. 442; *Leigh* v. *Taylor,* 7 B. & C. 491; *Nolley* v. *Calloway County,* 11 Mo. 447.

A surety on an official bond is not liable for losses caused by the misconduct of the obligee. *O'Donohue* v. *Simmons,* 31 Hun, 267; *People* v. *Toomey,* 122 Ill. 308; Murfree on Official Bonds, secs. 755, 788; Brandt on Suretyship, sec. 457; *Pickering* v. *Day,* 3 Houston, 474; *Connell* v. *Crawford,* 59 Pa. St. 196.

E. C. MOOS, City Attorney, and E. D. BLINN, for appellee :

The finding of facts by the Appellate Court is conclusive on the Supreme Court. *Sconce* v. *Henderson,* 102 Ill. 376; *Brown* v. *Aurora,* 109 id. 165; *Williams* v. *Forbes,* 114 id. 167; *Tibballs* v. *Libby,* 97 id. 552; *Richards* v. *People,* 100 id. 390; *Railroad Co.* v. *Dougherty,* 110 id. 521; *Fitch* v. *Johnson,* 104 id. 111; *Eames* v. *Rend,* 105 id. 506; *Ives* v. *McHard,* 103 id. 97; *Bennett* v. *Connolly,* id. 50.

An affirmance of the judgment by the Appellate Court is a finding of the facts the same as found by the trial court, and precludes a review thereof by the Supreme Court. *Brownell* v. *Welch,* 91 Ill. 523; *Bank* v. *Proctor,* 98 id. 558; *Joliet* v. *Seward,* 99 id. 267; *Kreigh* v. *Sherman,* 105 id. 49.

By section 89 of the Practice act, in force July 1, 1877, the Supreme Court can consider only such questions of

law as arise on the record.  *Bridge Co.* v. *Commissioners,* 101
Ill. 378; *Fitch* v. *Johnson,* 104 id. 118; *Sconce* v. *Henderson,*
102 id. 376; *Edgerton* v. *Weaver,* 105 id. 43.

The city clerk has the power, under the statutes of
this State, to collect moneys for licenses.   1 Starr &
Curtis' Stat. chap. 24, secs. 68, 105-108.

Mr. JUSTICE PHILLIPS delivered the opinion of the
court:

John H. Starkey was elected city clerk of the city of
Lincoln, and made his bond on April 16, 1889, conditioned
that he would faithfully discharge the duties of his office,
and pay over all moneys that might come to his hands by
virtue thereof, and render a just and true account when
required by the city council, and would perform the duties
enjoined by virtue of his office and according to the laws
of the State and the ordinances of the city, etc.   Appel-
lants were sureties on said bond, which was given to cover
a term of two years. .

On March 8, 1886, the city of Lincoln was incorporated
under the general act for the incorporation of cities, ap-
proved in 1872.   Prior thereto it was incorporated, and
the clerk was, by ordinance, authorized to collect certain
license fees, etc., not including money paid for dram-shop
license.   By an ordinance approved April 1, 1885, it was
provided:  "The city council may, in its discretion, grant
license for any period not exceeding one year and not less
than three months, to such person or· persons as may
apply therefor, upon such persons paying into the city
treasury, in advance, a sum at the rate of $500 per year,"
etc.   All ordinances or parts of ordinances in conflict
therewith were repealed, and there is no provision author-
izing the clerk to collect or receive money paid for dram-
shop license.   The last mentioned ordinance was in force
when the bond was executed.   Starkey succeeded him-
self as clerk for two years from April, 1891, and after
the expiration of the latter term suit was brought on his

bonds for each term. On the suit on the first bond a judg-
ment was recovered, in debt, for the amount of the pen-
alty of the bond, to be satisfied by damage assessed at
$1122.46.

The question of law arising on this record is, whether
appellants, as sureties on Starkey's bond, are liable for
his failure to account for money collected and received
by him for dram-shop licenses. The ordinance with ref-
erence to license of dram-shops, at the time of the execu-
tion of the bond, did not authorize the clerk to collect
and receive money paid for such licenses. That ordinance
was, in substance, similar to section 3, chapter 43, of the
Revised Statutes, which provides : "It shall not be law-
ful for the corporate authorities of any city, town or vil-
lage in this State to grant a license for the keeping of a
dram-shop except upon the payment, in advance, into the
treasury of the city, * * * such sum * * * not
less than at the rate of $500 per annum." A surety is
only to be held by the precise terms of his undertaking.
His liability is *strictissimi juris*, and cannot be extended
by construction or enlarged by the act of others. (*People,
use, etc.* v. *Toomey*, 122 Ill. 308.) The undertaking of the
clerk was that he would discharge the duties of the office,
and account for and pay over all moneys which come
to his hands by virtue thereof. For the discharge of that
duty the appellants became sureties. When they under-
took that the principal should account and pay over all
moneys that should come to his hands by virtue of his
office, the intendment was that such money as should be
received by the clerk in pursuance of law and under the
ordinances of the city, in his official capacity, by virtue
of his office, was referred to, and not such money as he
might elect to accept without right, and of which some
other official was the legal recipient and disbursing agent.
Appellants were not sureties for money which, by virtue
of the statute and under the ordinances of the city, should
have been paid to the city treasurer. The mere officious-

ness of the clerk in the assumption of duties not belong-
ing to his office, or the negligence of other officers in the
discharge of their duties, cannot extend the surety's lia-
bility beyond the terms of his undertaking. (*People* v.
*Pennock*, 60 N. Y. 421; *Supervisors* v. *Bates*, 17 id. 242.) No
comptroller was provided for by the ordinances of the
city, and by virtue of section 104, chapter 24, of the Re-
vised Statutes, the clerk acted as comptroller, but the
provisions of that section did not authorize him to re-
ceive and disburse money which the ordinances and stat-
ute provided should be received by the treasurer.

It is finally urged that the requirement that the money
should be paid into the city treasury is not a requirement
that it should be paid to the city treasurer. A require-
ment that money should be paid into the city treasury is
a designation of the city treasurer as the recipient of the
money, and when it is paid to him or his agents he is
liable therefor, and the undertaking of his sureties is
that he shall account for money coming to his hands by
virtue of his office. A payment to the clerk or comp-
troller is not a compliance with a requirement that the
money should be paid into the city treasury. This rec-
ord shows a remarkable method of conducting the busi-
ness of the city. The bond of the clerk is for $10,000,
covering a period of two years, and he assumed, in viola-
tion of the statutes and ordinances, to receive all moneys
from whatever source, including moneys collected for
taxes. He collected during those two years for which
this bond was executed the sum of over $95,000.

The clerk had no right to collect or receive the money
paid for dram-shop licenses, under the ordinances of the
city and statute of this State. The sureties are not liable
therefor, and the judgments of the circuit court of Logan
county and of the Appellate Court for the Third District
are reversed and the cause remanded.

*Reversed and remanded.*