## John W. Crow et al., for use of Martin Crow, Jr., v. The National Bank of Commerce, David McGill and George C. Harrington.

1.  SURETIES—*On an Attachment Bond Not Liable for Trespasses of the Sheriff.*—The obligors in an attachment bond are not liable for trespasses of the sheriff in wrongfully levying the writ upon property of a person against whom the writ is not issued.   Such a liability is not within the terms of the obligation.

**Debt**, on an attachment bond.   Error to the Circuit Court of Iroquois County; the Hon. CHARLES R. STARR, Judge, presiding.   Heard in this court at the May term, 1895.   Affirmed.   Opinion filed December 13, 1895.

GEO. W. W. BLAKE and C. H. PAYSON, attorneys for plaintiffs in error.

R. W. HILSCHER, and A. F. GOODYEAR, attorneys for defendants in error.

MR. PRESIDING JUSTICE CARTWRIGHT DELIVERED THE OPINION OF THE COURT.

John W. Crow and Martin Crow brought suit for the use of Martin Crow, Jr., against the National Bank of Commerce, David McGill and George C. Harrington.   A declaration having been filed, David McGill and George C. Harrington appeared and demurred to it.   The demurrer was sustained, and plaintiffs standing by the declaration, final judgment was entered.

According to the declaration a suit in attachment was

Crow v. Nat. Bank of Commerce.

begun by the National Bank of Commerce in the Circuit Court of Iroquois County against John W. Crow and Martin Crow, and a bond was given in the form prescribed by statute with David McGill and George C. Harrington as sureties. The writ of attachment was levied upon lands and personal property claimed by Martin Crow, Jr., a stranger to the writ, and he filed an interpleader claiming the property attached. The issue raised by the interpleader was tried and judgment was rendered in favor of Martin Crow, Jr., for the property and for his costs. By the declaration it was sought to charge the obligors in the attachment bond with liability to Martin Crow, Jr., for his costs so recovered, and damages for the wrongful levy of the writ upon his property.

The bond was made payable as provided by statute to the defendants against whom the writ was to be issued, and was conditional for the payment to them of all such costs in said suit and such damages as should be awarded against the National Bank of Commerce, in any suit or suits which might thereafter be brought for wrongfully suing out said attachment. The act complained of is that the sheriff wrongfully levied the writ upon the property of Martin Crow, Jr., who was not one of the persons against whom the writ was to be or was issued, and the damages alleged were occasioned only by such wrongful levy of a writ which is not charged to have been wrongfully sued out. The undertaking of the obligors was only that the attachment was rightfully sued out and the claim of the National Bank of Commerce against the defendants was well founded. There was no agreement or undertaking that the sheriff should not commit a trespass in the execution of the writ, or that they would be responsible for any consequences of such an act. We think that their liability could not be enlarged so as to make them sureties for the sheriff. The supposed liability was not within the terms of the obligation, and the demurrer was properly sustained.

The judgment is affirmed.