Davis, J.
There is- no- proposition of law more firmly settled in this state than that sureties are not liable beyond the letter of their contract. In this case the defendants are sureties on the bond of the *93 clerk of the hoard of education, executed as provided in section 4050, Revised Statutes, and conditioned “that he shall faithfully perform all of the official duties required of him as clerk of said board. ’ ’ The clerk was a defaulter for a considerable amount of tuition fees which he had received and failed to pay over. Was this a breach of the bond?
There is nothing in the statutes which define the duties of the clerk of the board of education, which' makes it his duty to receive and disburse tuition fees. Indeed we fail to find any authority in the statutes for the clerk of the board of education to receive or disburse any money whatever, except fines for truancy, as provided in section 4027, which has been repealed since the commencement of this action. With that exception the duty of receiving, keeping and disbursing funds seems to be exclusively imposed upon the treasurer of the district. Section' 4042, Revised Statutes. Yet it is contended in behalf of the plaintiff that the board could, and did, enlarge the duty of the clerk in that respect by virtue of section 3985, Revised Statutes, a part of which reads as follows: “The board of each district shall make such rules and regulations as it may deem expedient and " necessary for its government and the government of its appointees and pupils. ’ ’ A number of years before this bond was executed the board adopted a rule the material portion of which, so far as it affects this controversy, is as. follows: ‘ ‘ Children, wards and apprentices of non-residents may be admitted by the trustees (school committee) of any district upon payment, in advance, to the clerk of the board of the following tuition fees,” etc.; and under cover of that rule the clerk received and handled the money for •which he is in default. The statute gives to the *94 board tbe power to make rules and regulations for tbe government of itself, its appointees and pupils :■ that is, rules for their management, control and direction, merely disciplinary regulations. It could not for a moment be assumed that section 3985 confers upon the board the power to legislate, so as to confer upon itself and its appointees powers and duties which are not found in the acts of the general assembly; for the power of the board to make rules is just as broad for itself as for its appointees. If it can enlarge the powers and duties of its appointees, beyond the statutory limits, it can enlarge its own powers and duties. Such power could not be, and in our opinion was not intended to be, conferred upon the board of education by the general assembly. The-permission to receive tuition fees which was given to the clerk by the rule, was therefore outside of and beyond the official duties of the clerk.
The foregoing reasoning would lead to the exoneration of the sureties.
But it is. insisted that the receipt of these moneys-by the clerk was colore officii, if not virtute officii, and that for acts colore officii sureties are held responsible in this state. While there has been confusion of terms in some cases, and possibly a confusion of classification in some instances; yet this-conclusion results from the cases in this state and elsewhere, that there are three classes of cases against sureties on official bonds: one class in which the officer acts, virtute officii, within his official authority but unfaithfully or improperly exercises his official duties, and another class in which the officer while acting colore officii, with pretense of official authority, is guilty of trespass upon person or property. Of this class illustrations are found in *95 Story v. Jennings, 4 Ohio St., 418, and Drolesbaugh v. Hill, 64 Ohio St., 257. In both of the classes, already named the sureties are generally held to be liable. The third class is of those cases in which the officer has been guilty of misconduct which is wholly outside of the line of his official duty as defined by law. In this class of cases the sureties have generally,, and we believe upon the soundest of reasoning, been held not to be liable. We refer this case to the third class and cite as illustrations the following cases: State v. Medary, 17 Ohio, 554; Wilson v. State, 67 Kan., 44; People v. Pennock, 60 N. Y., 421; State v. Bonner, 72 Mo., 387; Orton v. City of Lincoln, 156 Ill., 499; State v. Moores, 56 Neb., 82; County of San Luis Obispo v. Farnum, 108 Cal., 562. There are numerous other cases to the same effect some, of which are cited in the briefs of counsel.
The case of the plaintiff is not helped out by the contention that the clerk was guilty of a plain official duty in that he did not report these receipts and pay them over to the treasurer-; because the loss was-occasioned not by the negative acts of not reporting or paying over, but by the direct, affirmative act of receiving that which he could not lawfully receive and converting the same' to his own use.
In State v. Carter, 67 Ohio St., 422, cited by plaintiff, the question of the liability of sureties was not involved in the record, nor argued. The whole contention was whether the officer himself was chargeable with certain funds so as to be within the terms of the statute defining and punishing embezzlement. It was held that he was so chargeable; and the judge who delivered the opinion of the court expressly directed attention to the fact that the question of the *96 liability of the sureties of the defaulting officer was not before the court and was not passed upon.
The judgment is

Affirmed.

Shauck, C. J., Price, Crew, Summers and Spear, JJ., concur.