# The People of the State of Illinois, Defendant in Error, v. Kittie E. Wilson et al., Plaintiffs in Error.

## Gen. No. 16,233.

1. BONDS—*effect given to statutory.* A statutory bond is given the effect which, in reason, must have been intended by the statute.

2. BONDS—*liability of sureties upon, given on appeal from refusal of discharge under insolvent debtors act.* *Held,* under the statutory bond in this case, that upon the dismissal of the appeal in question or upon the affirmance of the judgment, the debtor should either pay the amount of the original judgment rendered against her or surrender her body and if she does neither and if after notice the sureties are unable to produce the body of such debtor, such sureties are liable to pay to the obligees the amount of said original judgment within the limit of the penalty of the bond.

The People of the State of Illinois v. Wilson, 169 Ill. App. 452.

Error to the Municipal Court of Chicago; the HON. JOHN C. SCOVEL, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1910. Affirmed. Opinion filed April 11, 1912.

M. H. HOEY, for plaintiff in error.

WHITE, MABIE & CONKEY, for defendant in error.

MR. PRESIDING JUSTICE GRIDLEY delivered the opinion of the court.

This is an action, commenced in the Municipal Court of Chicago, upon an appeal bond of $1,000, signed by Kittie E. Wilson, as principal, and E. J. Lonergan and Zacharias Campbell, as sureties, plaintiffs in error, resulting in a verdict and judgment for $904.10, damages, in favor of The People of the State of Illinois, for the use of Liston H. Montgomery, defendant in error, to reverse which judgment this writ of error is prosecuted.

On January 7, 1909, Cora A. Wilson and said Kittie E. Wilson filed their petition in the County Court of Cook County, representing that they had been arrested under a writ of *capias ad satisfaciendum*, issued by said Municipal Court in favor of Liston H. Montgomery, for the sum of $858.32, that they were in the custody of the bailiff of said court by virtue of said writ and were desirous of releasing their bodies from such arrest or imprisonment by delivering up their property, and prayed that such proceedings to that end be had as were prescribed by the laws relating to insolvent debtors. The County Court, on January 25, 1909, ordered and adjudged that said petition be dismissed, from which order and judgment the said Kittie E. Wilson prayed for and perfected an appeal to the Appellate Court of this district. The appeal bond executed at that time is the bond on which this present action is based. It is dated January 25, 1909, is signed by the parties, and appears to have been approved by the

454    Appellate Courts of Illinois.

The People of the State of Illinois v. Wilson, 169 Ill. App. 452.

then judge of said County Court. Upon the filing of said bond in said County Court, the said Kittie E. Wilson was released from the custody of said bailiff. The bond sets forth, in substance, that said Kittie E. Wilson was arrested and imprisoned upon a *capias ad satisfaciendum*; that, desiring to release her body from such arrest, she applied to the County Court to be discharged under the provisions of an act, entitled "An Act Concerning Insolvent Debtors," in force July 1, 1872; that her application was dismissed and that she prayed for and obtained an appeal; that "if the said Kittie E. Wilson will prosecute her said appeal with effect, and in case the appeal is dismissed, or the order or judgment of the said County Court is affirmed, in whole or in part, *she will perform the same,* and will appear before and abide whatever decision the said Appellate Court shall make in the premises, and pay all costs that may be awarded against her, * * * and also that she will not sell or dispose of any of her estate pending such appeal, but that the same shall be forthcoming and subject to the order of the said County Court, then the above obligation to be void, otherwise to remain in full force and effect." On March 15, 1909, this Appellate Court ordered that said appeal "be dismissed, and that a *procedendo* be awarded herein," and that the said appellee recover costs, to be taxed, and have execution therefor. On the following day a certified copy of said order of this Appellate Court was filed in said County Court. On March 29, 1909, due notice having been given to the sureties on said bond to produce the body of said Kittie E. Wilson in the County Court, and both of said sureties being personally present in said court, and failing to produce the body of said Kittie E. Wilson upon being ordered by the court so to do, the court ordered that said appeal bond be forfeited. In April, 1909, this action was commenced and on November 27, 1909, judgment for $904.10 was entered against said Lonergan and Camp-

CHICAGO—FIRST DISTRICT—APRIL, 1912.    455

The People of the State of Illinois v. Wilson, 169 Ill. App. 452.

bell.   The amount of this judgment is made up of the following items:   Original judgment of the Municipal Court in favor of Liston H. Montgomery against Cora A. Wilson and Kittie E. Wilson, upon which said *capias* was issued, $858.32, interest thereon, $12.03, costs of clerk of Municipal Court, $13.00, costs of bailiff of said court, $5.00, Appellate Court costs, $15.75.

On the trial in the Municipal Court, counsel for Lonergan and Campbell moved the court to instruct the jury to find the issues for his clients, except as to the amount of $15.75—the said costs in the Appellate Court—which motion was overruled, and counsel here contends that the judgment of the lower court should be reversed, and judgment should be entered here for only the said sum of $15.75, and for the reason that the sureties on said bond are not liable for anything more than the amount of said Appellate Court costs. We do not believe the contention to be well founded. The appeal bond in question is a statutory bond and as such "has the effect which, in reason, must have been intended by the statute."   Chladek v. Brown, 58 Ill. App. 379; Hibbard v. McKindley, 28 Ill. 240; Rehm v. Halverson, 197 Ill. 378, 385.   "While the contract of a surety is to be strictly construed, and will not be extended by implication, courts, in endeavoring to ascertain the precise contract which a surety has made, may resort to the same aids and will invoke the canons of interpretation · which apply to other contracts, and when the true intent and meaning of a contract entered into by the surety is thus or otherwise ascertained, effect will be given to it."   Ewen v. Wilbor, 99 Ill. App. 132, 140.   "It is familiar law that the obligors in an appeal bond are estopped to deny the recitals of the bond."   Harding v. Kuessner, 172 Ill. 125, 126.   In view of the provisions of the statute, the recitals in the bond, and the particular wording of the bond that "in case the appeal is dismissed, or the order or judgment of the said County Court is affirmed, in whole or

'in part, *she will perform the same,"* we think it a reasonable construction to hold that, upon the dismissal of such appeal or the affirmance of such judgment, the debtor, Kittie E. Wilson, should either pay the amount of the original judgment rendered against her, together with all proper costs, or surrender herself to the custody of the bailiff, and if she does neither, and if, after due notice to the sureties they are unable to produce the body of said Kittie E. Wilson, said sureties are liable to pay to the obligee of said bond the said original judgment, and all proper costs, within the limit of the penalty of the bond. The effect of the filing of said appeal bond, duly signed by the sureties, was absolutely to release Kittie E. Wilson, the debtor, from the custody of the bailiff, and permitted her to avoid satisfying the writ of *capias.* If, as a result of the signing of said bond, the sureties were unable to produce her body in satisfaction of the writ of *capias,* reason and justice suggest that said sureties are liable as aforesaid. The judgment of the Municipal Court must be affirmed.

*Judgment affirmed.*