## The People of the State of Illinois for use of Herman Fleishman, Appellee, v. Charles G. Sowell et al., Appellants.

1. OFFICIAL BONDS, § 20*—*liability of sureties.* Sureties on official bonds cannot be held liable for the acts or defalcations of their principal where such acts or defalcations do not come within the scope of the official duties of their principal, for the performance of which the bond was given.

2. OFFICIAL BONDS, § 20*—*acts for which principal and sureties are not liable on bond.* Where a defendant in attachment, in lieu of giving a forthcoming bond and in order to avoid a levy on his goods, gives to the constable his check payable to the police magistrate and the magistrate thereafter disposes of the proceeds of the check, the magistrate and his sureties are not liable on his official bond for the conversion, for the reason that the act of the magistrate in receiving the money was unofficial and for such acts the sureties on such bond cannot be held liable.

3. ATTACHMENT, § 148*—*right of constable to take forthcoming bond.* There is no provision in the Justices' Act or in the act

*See Illinois Notes Digest, Vols. XI to XV and Cumulative Quarterly, same topic and section number.

relating to attachments in courts of record authorizing a constable to take a delivery bond in an attachment proceeding.

Appeal from the City Court of Granite City; the Hon. Robert H. Flannigan, Judge, presiding. Heard in this court at the October term, 1913. Reversed and remanded. Opinion filed May 1, 1914.

J. B. Harris, for appellants.

A. R. Johnson and W. L. Coley, for appellee.

Mr. Justice Higbee delivered the opinion of the court.

This is a suit brought upon the bond of appellant, Charles G. Sowell, a police magistrate of Granite City, Madison county, Illinois, against him and his sureties, W. P. Wilson, Edward Mercer and Edward Pauly, brought in the name of the People for the use of Herman Fleishman, the party in interest. A jury was waived and at the conclusion of the hearing the court rendered judgment against the principal and sureties on the bond for $2,000, to be satisfied by the payment of $84.30, and all of the defendants below have appealed from that judgment to this court.

The facts in the case as stated in the declaration and shown by the evidence introduced for appellee, and as substantially found in the special findings submitted by appellee, and held by the court, were in effect as follows: Charles G. Sowell, on April 1, 1913, was elected a police magistrate for Granite City, Illinois, and afterwards qualified as such, entering into bond in the sum of $2,000, with the other parties who are appellants herein as sureties. The bond was substantially in the usual form prescribed for justices of the peace and constables. Shortly afterwards, the Outcault Advertising Company of Chicago began a suit against appellee to recover $80 claimed to be due it and at the same time caused a writ of attachment to be issued, which was delivered to G. T. Cowgill, a constable of Madison county, to execute. The constable called upon the appellee and to avoid a levy

on his stock of goods and in lieu of a delivery bond, appellee made his check upon a bank for $84.30, payable to Sowell, and gave it to the constable. Shortly afterwards, appellee had a conversation with Sowell in which he told him that the check was not given in payment or acknowledgment of the debt but in place of a bond and Sowell agreed that the check should be so held. The constable took the check to Sowell who indorsed it and turned it back to the constable who cashed the same and put the money to his own credit in a Granite City bank. On May 10, 1913, the day set for the trial of the case, appellee obtained a continuance until May 21st and the same was marked on the docket. On May 12th the constable drew the money from the bank and turned it over to Sowell, who applied $4.30 in payment of his own and the constable's cost, marked the case dismissed upon the docket and paid the $80 to the Outcault Advertising Company. At the same time, Sowell took an indemnifying bond from said Outcault Advertising Company, to keep him harmless from all damages, judgments and costs which he might sustain by reason of disposing of said money as aforesaid. Appellee appeared for trial on May 21st, to which time the case had been continued as aforesaid, and then discovered that the case had been dismissed and the money paid out as aforesaid, and this suit followed.

Appellants claim that the check was given not as a forthcoming bond but in payment in full of the debt, and their position is sustained by the testimony of the constable who took the check and by the fact that the check was given for the exact amount of the debt and cost. This defense was presented by plea No. 5 filed by appellants, which is the plea upon which the case went to trial, a demurrer having been sustained to the other pleas.

Upon a consideration of this case, we find that the only question necessary for us to consider in disposing of this appeal is, did the receipt of the proceeds of the check and the conversion of the same render Sowell

and his sureties liable on his bond? While the declaration appears to charge, as an element of damages, the dismissal of the suit against appellee by Sowell, appellee's counsel in his brief states that appellee is not complaining because Sowell dismissed his suit but because, without according him a hearing on the merits of his case and without notice of any kind, Sowell paid over his money to the plaintiff in the suit, charged him the cost and dismissed the case, in other words took his money and converted it to his own use or the use of another without due process of law. It is provided under the Justices' Act that "The constable to whom any attachment may be delivered, shall, without delay, execute the same by levying on the personal estate, goods, chattels, moneys, choses in action, credits and effects of the defendant, of value sufficient to satisfy the debt or damages claimed to be due, and all costs attending the collection of the same." R. S. ch. 79, sec. 76. (J. & A. ¶ 6937.) There is no provision for the taking of a delivery bond under the Justices' Act but under the "Act in regard to attachments in courts of record" it is provided by section 14 that, "The officer serving the writ shall take and retain the custody and possession of the property attached, to answer and abide by the judgment of the court, unless the person in whose possession the same is found shall enter into bond and security to the officer, to be approved by him, in double the value of the property so attached, with condition that the said estate and property shall be forthcoming to answer the judgment of the court in said suit." (J. & A. ¶ 505.)

There is nothing in the general attachment act last referred to which appears to permit the application of its provisions to attachments commenced before a justice of the peace, but even if there were, it would not assist us in the determination of the question presented here as the act does not in any way authorize the officer, to whom the delivery bond may be delivered, to take anything in lieu of such bond. It appears

to be a well-settled rule of law in this, as in other States, that sureties on an official bond cannot be held liable for the acts or defalcations of their principal where such acts or defalcations do not come within the scope of the official duties of their principal, for the performance of which the bond was given.

The case of *Henckler v. County Court of Monroe Co.*, 27 Ill. 39, was a suit upon a constable's bond against the constable and his sureties, where the constable had collected money without suit and failed to pay it over to the party entitled thereto. At that time there was no statute authorizing a constable to make collections in such manner, and the court held that the sureties on the bond could not be held liable for the money so collected by him or for any other unofficial act, but that the creditor must look alone to the constable for the payment of the debt, as to any other agent.

In *Orton v. City of Lincoln*, 156 Ill. 499, which was a suit on the bond of a city clerk for his failure to account for money collected by him for dramshop license, which under the laws and ordinances he had no right to receive, but which should have been paid in directly to the city treasurer, it was held that the sureties were not liable. In the course of the opinion it is stated: "A surety is only to be held by the precise terms of his undertaking. His liability is *strictissimi juris,* and cannot be extended by construction or enlarged by the act of others. (*People for use of Logan County v. Toomey,* 122 Ill. 308.) The undertaking of the clerk was that he would discharge the duties of the office, and account for and pay over all moneys which come to his hands by virtue thereof. For the discharge of that duty the appellants became sureties. When they undertook that the principal should account and pay over all moneys that should come to his hands by virtue of his office, the intendment was that such money as should be received by the clerk in pursuance of law and under ordinances of the city, in his official ca-

pacity, by virtue of his office, was referred to, and not such money as he might elect to accept without right." The same rule applies in other jurisdictions. In *Governor v. Perrine*, 23 Ala. 807, it is said: "The scope of the contract of the sureties of a sheriff is, that they will become liable for his defaults in regard to moneys which he receives in his official character as sheriff, acting strictly in accordance with, and in obedience to the law." The same rule as to the liability of sureties on official bonds is laid down in *Cressey v. Gierman*, 7 Minn. 398; *State v. Long*, 8 Ired. (N. C.) 415; *State v. Woodman*, 36 Ind. 511.

If in this case appellee paid the money in question to the constable in satisfaction of his debt to the Outcault Advertising Company and the same was received by said company from the justice of the peace and the debt was thus liquidated, then appellee has no just cause of complaint and cannot recover in this suit. If, on the other hand, said money was paid by appellee to the constable, to be held by him in lieu of a forthcoming bond for the property attached, then the proceeding was unauthorized as the constable had no authority to receive the money for such purpose, and when the constable paid the money over to the police magistrate Sowell, he could confer upon the latter no lawful right to receive the same. The act of Sowell in receiving the money was unofficial and for such acts the sureties on his official bond cannot be held liable. If there is any liability at all, appellee must look to the police magistrate Sowell alone for the recovery of the money paid by him to the constable and by the latter to Sowell. The judgment of the court below will be reversed and the cause remanded.

*Reversed and remanded.*