204　　Appellate Courts of Illinois.

Omaha Nat. Bank v. U. S. Fidelity & Guar. Co., 244 Ill. App. 204.

## Omaha National Bank, Appellee, v. United States Fidelity & Guaranty Company, Appellant.

## Gen. No. 31,395.

1. SURETYSHIP—*construction of bonds of surety company doing business for profit.* The bonds of a surety company, doing business for profit, are to be construed as contracts of indemnity or insurance, and hence most strongly against the surety in suit against it on the bond.

2. ATTACHMENT—*judgment of not guilty in suit for wrongfully obtaining attachment as bar to suit on bond of defendant.* A judgment of not guilty for a defendant in a suit for tort for wrongfully suing out an attachment does not bar the plaintiff in that suit from suing on the bond given by the said defendant.

3. ATTACHMENT—*right of real owner of property wrongfully attached to sue on attachment bond although not named as defendant.* Under Cahill's St. ch. 11, ¶ 4, which becomes part of every attachment bond, the real owner of property wrongfully attached may sue on the bond given in the attachment cause, though not named therein as a defendant.

4. ATTACHMENT—*estoppel of surety to deny regularity of bond after making possible levy damaging real owner.* Whether or not an attachment bond was defective in that the common-law trust suing out the writ was not legally represented on the bond by reason of the fact that it was signed by only one of its trustees, the surety company on the bond was estopped to deny its regularity by making possible the levy to the damage of the real owner of the goods, for which damage it became liable as well as upon the bond.

Appeal by defendant from the Municipal Court of Chicago; the Hon. FRANK M. PADDEN, Judge, presiding. Heard in the first division of this court for the first district at the October term, 1926. Affirmed. Opinion filed May 2, 1927. Rehearing denied May 16, 1927.

STEDMAN, KESLER & DINGLE, for appellant.

PACKARD, PECKHAM & BARNES, for appellee.

MR. JUSTICE MATCHETT delivered the opinion of the court.

Omaha Nat. Bank v. U. S. Fidelity & Guar. Co., 244 Ill. App. 204.

Plaintiff sued upon a bond executed by the defendant in an attachment suit theretofore brought in the municipal court of Chicago. There was a trial by the court, a finding of the issues against the defendant, and judgment in debt for the amount of the bond ($10,000) and damages of plaintiff assessed at $4,800. Motions for a new trial and in arrest were overruled and there was judgment on the finding.

The bond is in form as follows:

"Know all men by These Presents: That we, F. M. Orchard, E. C. Kessler, R. L. Stancill, Edwin F. Felt, Frank T. Eddingfield, Charles R. Strayer and E. E. Loughborough, as trustees of Ellery Motors Company, a common-law trust estate, and United States Fidelity & Guaranty Company are held and firmly bound unto Patriot Motor Company, also known as Hebb Motors Company, a corporation, in the penal sum of Ten Thousand Dollars and no Cents. * * * The condition of this Obligation is Such, that whereas, the above bounden Ellery Motors Company has on the day of the date hereof, prayed an Attachment out of The Municipal Court of Chicago, at the suit of said Ellery Motors Company against the estate of the above named Patriot Motors Company, also known as Hebb Motors Company, a corporation, for the sum of Five Thousand Dollars and no Cents, and the same being about to be sued out of said Court, returnable on the 14th day of June, A. D. 1920.

"Now, if said Ellery Motors Company shall prosecute its said suit with effect, or, in case of failure therein, shall well and truly pay and satisfy said Patriot Motor Company, also known as Hebb Motors Company, a corporation, all such costs in said suit, and such damages as shall be awarded against said Ellery Motors Company, heirs, executors and administrators, in any suit or suits which may hereafter be brought for wrongfully suing out said Attachment,

then the above obligation to be void; otherwise to remain in full force and effect.

    "Ellery Motors Company          (Seal)
        By F. M. Orchard, One of its Trustees
    "United States Fidelity & Guaranty Co. (Seal)
        By Henry M. Marshall, Attorney in fact."

The undisputed evidence tends to show that this bond was duly filed; that attachment proceedings were instituted on June 4, 1920; that several parties were served as garnishees, and that one of these parties answered that it had no properties in its possession except two sight drafts and bills of lading for a shipment of four motor trucks which were attached in that proceeding; that the cause was continued for service by publication, which was made in accordance with the statute; that the Omaha National Bank, plaintiff herein, intervened in that proceeding, claiming the property which was attached, and secured a judgment for possession in its favor, and that the attachment suit was thereafter dismissed at the costs of plaintiffs; that thereafter the Omaha National Bank brought a suit in tort in the circuit court of Cook county against the plaintiffs named in the attachment suit; that the action was in trespass for the alleged wrongful suing out of the attachment and detention of the plaintiff's property.

In that action the Omaha National Bank recovered a judgment against all the attachment plaintiffs as trustees and also against E. E. Loughborough individually for $4,800. F. M. Orchard and E. C. Kessler, who were also individually made parties to that suit in trespass, were found not guilty, and a judgment was entered in their favor against the plaintiff, Omaha National Bank, for costs. The judgment against Loughborough was by default.

While this judgment was offered in evidence in the present suit, the suit was based upon the attachment bond, not the judgment, and evidence was offered

tending to prove damages to the amount for which judgment was rendered and the reasonableness of the finding as to the damages is not questioned.

The defendant contends that the obligations of a surety are to be strictly construed and cannot be extended or enlarged beyond the strict condition of his bond, citing to this proposition the recent case of *City of Chicago v. Southern Surety Co.,* 239 Ill. App. 628, where this court, in opinion by the writer, so stated. We have examined the briefs submitted in that case and find that the appellant Surety Company urged that proposition of law, citing in support of it *People v. Toomey,* 122 Ill. 308; *Orton v. City of Lincoln,* 156 Ill. 499; *People for use of Fleishman v. Sowell,* 186 Ill. App. 617, and *People v. Wilson,* 169 Ill. App. 452.

The City of Chicago, plaintiff there, did not contend against the proposition and cited no authority to the contrary. While the point was properly in the case, it was not controlling and was evidently not so regarded either by counsel or the court. The proposition as there stated is evidently only a half truth, for the third division of this court in *McGowan v. London & Lancashire Indemnity Co. of America,* 237 Ill. App. 561, and the Supreme Court of the State in *Gunsul v. American Surety Co. of New York,* 308 Ill. 312, have held the law to be that where a surety company is doing a business for profit the contracts entered into are construed as contracts in indemnity or insurance, and that the contract will be construed in such cases most strongly against the surety. (See also 21 R. C. L., pp. 1160-1162; *Royal Indemnity Co. v. Northern Ohio Granite & Stone Co.,* 100 Ohio St. 373, 126 N. E. 405, reported in 12 A. L. R. 378.) It is unnecessary to say that these decisions were not called to the attention of this court in the consideration of the *City of Chicago v. Southern Surety Co., supra.*

It is also contended by the defendant that the judgment for the defendant, F. M. Orchard, in the tort

action brought by plaintiff against said Orchard and others for the wrongful suing out of the attachment, precludes a recovery by plaintiff in this action on the bond, and defendant urges as applicable to the facts here the general proposition that the discharge of the principal in a bond by payment by operation of law or judgment in favor of the principal releases the surety. A number of cases, including *Marietta Fertilizer Co. v. Gary,* 22 Ga. App. 604, 96 S. E. 711; *Sholes v. Eisner,* 90 N. J. L. 151, 100 Atl. 213; *Stolze v. U. S. Fidelity & Guaranty Co.,* 153 Mo. App. 29, are cited.

These cases would perhaps be applicable if the suit brought by plaintiff against Orchard had been upon the same obligation, namely, the bond upon which suit is here brought. The suit there, however, was not on the bond but a suit in tort. That suit in its nature was not inconsistent with this suit on the bond, and a judgment of not guilty in that suit is not inconsistent with the finding for plaintiff in this suit upon the written obligation. We have so held in *First State Bank of Pond Creek v. Clark,* 202 Ill. App. 283, where in substance it was said that a suit for wrongful attachment might be brought either in tort or on the bond. Orchard, we may well suppose, was not guilty of the trespass charged in the tort suit, while yet liable upon the obligation of the bond.

Again it is urged by the defendant that the plaintiff cannot recover in this action, because the bond was not conditioned to indemnify the plaintiff. It is quite true that the bond does not name the plaintiff, Omaha National Bank, a corporation, as an obligee for the obvious reason that it was not originally named as a party to the suit, but the statute (no doubt for the purpose of protecting persons not so named in cases of this kind from the injury which may result from a levy upon their property, under a writ which does not run against them) has made provision (see chapter 11,

sec. 4 of the Attachment Act, Cahill's St. ch. 11, ¶ 4) that:

"Before granting an attachment, as aforesaid, the clerk shall take bond in sufficient security, payable to the defendant against whom the writ is to be issued, in double the sum sworn to be due, conditioned for satisfying all costs which may be awarded to such defendant, *or to any others interested in said proceedings.*"

This section of the statute has been construed in *McKinstry v. Bras,* 180 Ill. App. 648, where it was held that a third party might sue upon such a bond in his own name in case he had sustained damages by reason of wrongful attachment. The defendant cites *Weir v. Dustin,* 32 Ill. App. 388, but that case is, in our opinion, easily distinguishable. The plaintiff there was the assignee of a copartnership of which defendant in an attachment was a member. The question to be decided was whether expenses incurred, not by the defendant in the attachment, but by the assignee of a copartnership, of which the defendant in an attachment was a member, could be recovered in an action upon the bond given by the attaching creditor. It was held that the plaintiff in such a case could not recover against the assignor personally.

*Crow v. National Bank of Commerce,* 62 Ill. App. 24—a case where the sheriff made a mistake and levied upon the wrong property and it was held that the injured party could not recover in an action upon the bond—is also clearly distinguishable in that the proof here fails to show that the levy upon the plaintiff's property was the result of a mistake. Neither in *Weir v. Dustin, supra,* nor in *Crow v. National Bank of Commerce, supra,* was the statute in question called to the attention of the court.

Under well-recognized rules of law, the statute entered into and became a part of the attachment bond. (*Hibbard v. McKindley,* 28 Ill. 255; *Sharpe v. W. J.*

210    APPELLATE COURTS OF ILLINOIS.

Omaha Nat. Bank v. U. S. Fidelity & Guar. Co., 244 Ill. App. 204.

*Morgan & Co.,* 144 Ill. 382; *Rehm v. Halverson,* 197 Ill. 378. See also *Love v. Fairfield,* 10 Ill. 303.)

The defense, however, upon which most reliance seems to be placed is that the bond given in this case was defective; that it was not the bond of the plaintiffs named therein, for the reason that plaintiffs there sued at law as a common-law trust. It is urged that no one of the trustees of such a trust would have power to bind the trust, and that, in attempting to do so, the obligation became only that of the individual executing the bond,—in this case, F. M. Orchard. *Schmidt v. Kellner,* 307 Ill. 331, 138 N. E. 604-607, and *Austin v. Parker,* 317 Ill. 348, 148 N. E. 19-22, are cited, and the rules of law announced in those decisions, with reference to what is technically known as a common-law trust, are discussed at length.

We are not pointed to evidence in the record tending to show that the attachment suit here was brought by the same kind of a technical trust that is referred to in the cases relied on, but even if this were made to appear, we do not think the defendant Surety Company is in any position to urge that point, for the reason that it is clearly estopped so to do. It executed the bond as surety, and by that execution made it possible for the plaintiff in the attachment suit (by whatsoever name it might be called or whatsoever legal entity it might in fact be) to secure an attachment writ and to levy upon the plaintiff's property and, as the uncontradicted evidence shows, to damage the plaintiff in the amount of $4,800. Having done this, it cannot now be heard to urge the incapacity of the plaintiffs to bring suit. It would rather seem that plaintiff, by signing a bond which made it possible for an absolutely irresponsible party to go out and seize property under an attachment writ, should be held to stricter liability for that very reason. We will cite only a few of the many authorities so holding. *Green v. Wardwell,* 17 Ill. 278; *Stoner v. Millikin,* 85 Ill.

218; *Stern v. People,* 102 Ill. 540; *Iroquois Furnace Co. v. Wilkin Mfg. Co.,* 181 Ill. 582; *Remson v. Graves,* 41 N. Y. 474; *Hine v. Morse,* 218 U. S. 493; 1 Brant on Suretyship (3rd Ed.), sec. 52; 21 R. C. L. 998.

The judgment is just and it is affirmed.

*Affirmed.*

McSURELY, P. J., and JOHNSTON, J., concur.